FREDERICK MINKE'S LESSEE *vs.* HENRY J. MC-
NAMEE, DANIEL WINEOW, and others.

*Appeal—Ejectment—Statute of* 11 *Geo.,* II, *ch.* 19—
*How parties may be admitted to defend in Eject-
ment — Effect of general Judgment in Ejectment
against one Parcener, upon the interests of his Co-
parceners—Practice in the Appellate Court—Right
of the Defendant to confine the Recovery to the
actual extent of the Plaintiff's interest in the Pre-
mises sued for—Practice in Ejectment.*

Where the right of certain alleged co-parceners to appear in ejectment,
and take upon themselves the defence of the cause, to the extent of their
undivided interests in the premises sued for, was resisted, and the parties
were admitted, and the proceedings by which they were so admitted all
fully appear in the record, and are in no manner dependent upon ex-
trinsic matter, such as would require a bill of exceptions to introduce,
the question as to the propriety of their being so admitted is properly
before the Court on appeal, although such question was not presented by
a bill of exceptions.

The Statute of 11 Geo. II, ch. 19, is in force in this State. Under the 13th
section of this statute parties can only be admitted to defend in eject-
ment, as landlords of the tenant in possession, and where they do not
seek to come in, in that character, they must be excluded altogether.
The fact that they are co-parceners with the tenant and entitled to undi-
vided shares in the premises, gives them no interest in the result of the
suit against him, which will entitle them to be admitted as defendants.

A plaintiff can only recover in ejectment to the extent of his interest in the
premises sued for.

A judgment against the tenant in possession, who is one of several alleged
co-parceners, though it be general for the whole premises, cannot operate
to divest or disturb any right which his alleged co-parceners may have
in the premises.

The only effect of such judgment is to put the plaintiff in possession of the
premises according to his right and title therein; and if he have no title,
he takes possession at his risk, so far as third parties are concerned.

All that could be claimed under such judgment would be the right and title of the defendant, whatever that might be, and if he were really co-parcener with others, the plaintiff would become tenant in common with them, according to the interests which they might respectively hold in the premises.

Where in such action the alleged co-parceners were admitted to defend as such, and the case was tried on the special and peculiar plea filed by them, (to the effect that they were co-parceners with the tenant in possession and were not guilty to the extent of their respective interests,) the judgment must be reversed and the case remanded for a new trial.

It is competent for the tenant in possession, on the plea of not guilty, to confine the plaintiff's recovery to the particular interest held by him. This may be done by showing that other parties hold undivided interests in the premises, and what those interests are; and in such case the verdict and judgment should be for the particular undivided portion to which the plaintiff may be entitled.

And such course is proper and necessary for the protection of the tenant; for the recovery, if for the entire premises, would be an estoppel upon him in an action for *mesne profits*, if properly pleaded or relied on.

APPEAL from the Circuit Court for Allegany County.

This was an action of *ejectment* brought by the appellant to recover certain land which he had purchased from the Trustee in insolvency of Henry J. McNamee.

Notice was sent to Henry J. McNamee, as the tenant in possession, who came in and appeared under leave of the Court. Then Daniel Wineow and Ellen, his wife, and William McNiell and Savilla, his wife, filed their petition, alleging that Wineow and wife owned one-sixth of the legal title, and one-fifth of one-sixth, and McNiell and wife one-sixth and one-fifth of one-sixth, and asked leave to appear and defend their title. A declaration was filed against Henry J. McNamee, to which he filed a disclaimer, alleging that he had no title to the lot for which he was sued, but held the undivided interest of Ellen, wife of Daniel Wineow, and Savilla, wife of William McNiell, as their tenant and agent, and plead not guilty to the two-sixths and the two-fifths of one-sixth, held by him as their tenant.

The Court granted the petition of Wineow and wife, and McNiell and wife, on condition that they should show by their pleas of defence that they were parceners with Henry J. McNamee, as heirs-at-law of Moses McNamee, deceased, and that they had never conveyed their interest, and that they *bona fide* owned the respective undivided shares in said lot claimed by them. No exception to this ruling was taken by the plaintiff.

Wineow and wife, and McNiell and wife appeared under said order, confessing lease and entry, but not ouster, and the plaintiff served them with a declaration, to which they filed their plea in accordance with the order of the Court. The jury found in favor of Wineow and wife, and McNiell and wife, one-sixth each, and one-fifth of one-sixth each, and in favor of the plaintiff for the balance, and the plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, and ALVEY, J.

*J. H. Gordon,* for the appellant:

The Court should not have permitted Wineow and McNiell to appear in this case to interfere between Minke, who had bought the interest of McNamee, whatever it was; whether as owner of the whole undivided interest, or as tenant of his sisters for an undivided interest. Whatever right of possession McNamee had was vested in Minke, by virtue of his purchase from the trustee. *Fenwick vs. Floyd,* 1 *Har. & Gill,* 172; *Miles vs. Knott,* 12 *G. & J.,* 454; *McEldery vs. Smith,* 2 *Har. & John.,* 72; *Estep and Hall's lessee vs. Weems,* 6 *Gill & John.,* 303; *Gorr vs. Brazier,* 3 *Mass.,* 523, *and note* 536; *Jackson, ex dem. Kane vs. Sternbergh, note to McDougall vs. Sticher,* 1 *Johnson's Rep.,* 45, *and* 1 *John. Cases,* 153; 3 *Phil. on Ev.,* (*Edmund's Ed.,*) 616; *Jackson, ex dem. vs. Davis,* 18 *Johnson,* 7. In this case the sheriff sold all the right and title of the defendant, and it was held that against the defendant the plaintiff was entitled to recover the possession.

Minke's Lessee *vs.* McNamee, *et al.*

2 *United States Dig., paye* 121, 537; 3 *Phil. on Ev.*, 615; *Waters' Lessee vs. Riggin*, 19 *Md.*, 548.

In this case the plaintiff claimed to recover no more than the interest of McNamee in the premises, and therefore, Wineow and McNiell should not have been admitted to defend. *Stiles ads. Jackson, ex dem. Wood*, 1 *Wendell*, 103; *Adams on Ejectment*, 257 *mar.*, 215, *bottom, and* 285, *top, Crockett vs. Lashbrook, &c.*, 5 *Monroe*, 539.

*Thomas J. McKaig*, for the appellees

Contended, that the action of the Court below in admitting Wincow and wife, and McNiell and wife, as defendants, could not be reviewed on this appeal, because the order admitting them was not appealed from.

[ The points of both counsel raised on the bill of exceptions are omitted, because they were not passed on by the Court.]

ALVEY, J., delivered the opinion of the Court.

The right of the alleged co-parceners to appear and take upon themselves the defence of the cause to the extent of certain undivided interests in the premises sued for, being resisted, as appears from the record, the question of their right so to appear is properly presented, although there was no bill of exception taken by the plaintiff. The proceeding by which such parties were admitted all fully appear of record, and is in no manner dependent upon extrinsic matter, such as would require a bill of exception to introduce, to enable this Court to take cognizance of the question, and to fully understand its nature and character. And being properly presented, the question is, were these parties entitled to be admitted defendants, under the facts of the case?

To say nothing of the very irregular character of the proceeding had upon the application of these parties to become defendants, we think their application should have been de-

nied. They could have no right to appear except as land-lords, and if they did not seek to come in, in that character, they should have been excluded altogether.

It appears that at common law, landlords were entitled to be made defendants in ejectment, either alone or jointly with the tenant in possession. But in the case of *Goodright vs. Hart*, 2 *Str.*, 830, the Court of King's Bench having held that the landlord could only be let in to defend with his tenant, and that his right to appear depended upon the ten-ant's consent, it became necessary to regulate the mode of proceeding, in such cases, by statute, which was done by Statute 11 Geo., II, ch. 19. That statute is in force in this State, and, by the 13th section thereof, it is provided, that "It shall and may be lawful for the Court in which an eject-ment is brought, to suffer the landlord, or landlords, to make him, her or themselves, defendant, or defendants, by joining with the tenant or tenants, to whom the declaration in eject-ment shall be delivered, in case he or they shall appear; but in case such tenant or tenants shall refuse or neglect to appear, judgment shall be signed against the casual ejector for want of such appearance, but if the landlord or landlords of any part of the lands, tenements or hereditaments, for which such ejectment was brought, shall desire to appear by himself or themselves, and consent to enter into the like rule, that by the course of the Court, the tenant in possession, in case he or she had appeared, ought to have done, then the Court where such ejectment shall be brought, shall and may permit such landlord or landlords so to do, and order a stay of execution upon such judgment against the casual ejector, until they shall make further order therein."

It has frequently been a question as to the meaning of the word *landlord,* as employed in the Act, and as to what interest in the disputed premises will entitle a party to appear and resist recovery. In the case of *Fairclaim dem. Fowler vs. Shawtitle,* 3 *Burr.*, 1297, it was said that there are two mat-ters to be considered in the construction of the statute; first,

whether the term landlord ought not, as to this purpose, to extend to every person whose title is connected to, and consistent with the possession of the occupier, and which is liable to be divested or disturbed, by any claim adverse to such possession ; as in the case of remainders or reversions expectant upon particular estate ; secondly, whether it does not extend, as between two persons claiming to be landlords *de jure,* in right of representation to a landlord *de facto,* so as to prevent either from recovering by collusion with the occupier, without a fair trial with the other.   And, in that case, it was decided that where a person claims in opposition to the title of the tenant, he ought not to be considered a landlord within the meaning of the statute.   And in the more recent case of *Lovelock dem. Norris vs. Doncaster,* 3 *T. Rep.,* 783, there was a rule *nisi* to permit certain devisees to appear and defend in ejectment, instead of the tenant upon whom service was made. But the rule was discharged, because, as LORD KENYON, C. J., observed, the very question in dispute betwen the adverse party and the party applying to be made defendant, was, whether the latter was entitled to be landlord or not; and therefore the Court was not authorized to extend the provision of the statute to such case.   So here, the main question, as between the present plaintiff and the parties applying to be admitted to defend, is, whether the possession of the tenant, whose interest has been sold, has been adverse and exclusive, and such as will give title to the entire premises.   The parties themselves do not apply to be admitted upon the ground that they were in fact the landlords of the tenant in possession, but that they were co-parceners with the tenant, and entitled to undivided shares in the premises. They do not show that they are interested in the result of the suit ; and, without making it so to appear, they have no right to be admitted defendants.   *Doe d. Pearson vs. Roe,* 6 *Bing.,* 613.   Indeed, from the very nature of the title acquired by the lessor of the plaintiff, and upon which recovery is sought, these parties cannot in reality be interested in the result.   For

it was only the right and estate of the insolvent debtor in the premises that was sold by the trustee to the lessor of the plaintiff, and to that extent can he recover, and nothing more. A judgment against the insolvent debtor, the tenant in possession, though it be general for the whole premises, cannot operate to divest or disturb any right that these alleged co-parceners may have in the property. The judgment would be that the plaintiff recover his term yet to come and unexpired, in the land and tenements with the appurtenances, and the only effect of such judgment is, to put the plaintiff in possession of the premises, *according to his right and title therein,* and, if he have no title, he takes possession at his peril, so far as third parties are concerned. *Taylor d. Atkins vs. Horde,* 1 *Burr.,* 114. All that could be claimed under judgment in this case, founded on the title proven, would be the right and title of the insolvent debtor, whatever that may be, and if he was really co-parcener with the parties applying to be made defendants, the plaintiff will become tenant in common with them, according to the interests that they may respectively hold in the premises. Such being the result, we cannot perceive how these alleged co-parceners can be interested in making defence to this action. We think, therefore, the Court below was clearly in error in allowing them to be made defendants. And as the cause was tried on the special and peculiar plea of these parties, the judgment must be reversed, and the case remanded for new trial.

We do not wish, however, to be understood as intimating that it will not be competent to the tenant in possession, on the plea of not guilty, to confine the plaintiff's recovery to the particular interest purchased by him. This may be done by showing that other parties hold undivided interests in the premises, and what those interests are; and, in such case, the verdict and judgment should be for the particular undivided portion to which the plaintiff may be entitled. This is proper and necessary for the protection of the tenant, for the recovery, if for the entire premises, would be an estoppel

upon him in an action for *mesne profits,* if properly pleaded or relied on; and it would not be just that the plantiff should recover damages in respect of the whole estate, if he be entitled to an undivided portion only.

*Judgment reversed and*

*procedendo awarded.*

(Decided 11th March, 1869.)