346 F.2d 326
 Cover MENDENHALL and William L. Walker, Plaintiffs and Appellees,
v.
Robert S. ALLEN, individually and as trustee, Walker R.
Allen and James J. Allen, et al., Defendants and
Appellees, and Joseph M. Brennan,
Intervener and Appellant.
 No. 14834.
 United States Court of Appeals Seventh Circuit.
 May 27, 1965.
 
 Joseph M. Brennan, Denver, Colo., for appellant.
 Alfred B. Teton, Leonel I. Hatch, J., Froelich, Grossman, Teton & Tabin, Chicago, Ill., for plaintiffs and appellees; William L. Walker, in pro. per., of counsel.
 Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit judges.
 HASTINGS, Chief Judge.
 
 
 1
 This appeal is from a denial by the district court of Joseph M. Brennan's (intervener) motion to be joined as a third party plaintiff in an action by Cover Mendenhall and William L. Walker (plaintiffs) against Robert S. Allen, Walker R. Allen and James J. Allen (defendants). Intervener filed briefs and orally argued his case pro se in this court.
 
 
 2
 Plaintiffs brought a diversity action on August 15, 1963 against defendants to recover compensation for legal services rendered in a derivative stockholders' suit.
 
 
 3
 Count I of plaintiffs' amended complaint alleged that they were attorneys for defendants in a derivative stockholders' action against Rock Wool Insulating Company and others in the United States District Court for the District of Colorado. The complaint alleged plaintiffs settled the case and each stockholder received $350 per share of stock and a lump sum of $55,000 was received for attorney fees, expenses and costs of litigation. It was alleged that defendants received a certified check in the amount of $52,250 as partial settlement and that defendants orally agreed to pay and plaintiffs agreed to accept $28,950 out of the proceeds of this check for their legal services in the case. Plaintiffs prayed the court to impose a trust and declare defendants to be holding $22,102.51 of the $52,250 in trust for them.
 
 
 4
 Count II alleged that defendants were to receive approximately $120,000 from the derivative suit and the reasonable value of plaintiffs' services was $50,000, of which $2,750 had been paid.
 
 
 5
 On October 28, 1963, defendants filed a motion to make intervener a third party defendant, alleging intervener had been paid compensation for services and expenses out of the purported trust fund which plaintiffs asserted intervener was not entitled to receive. This motion was granted. Intervener filed a motion to be dismissed as third party defendant. His motion was sustained and he was dismissed from the case.
 
 
 6
 On April 13, 1964, intervener filed a motion for leave to intervene and be joined as a third party plaintiff. He alleged that 'the said funds and money referred to by plaintiffs in the within complaint ($52,250), and as now held by said defendants, is now due and payable to Intervener.' This was denied on April 28, 1964. The motion was renewed and denied on June 16, 1964. This ruling is the basis for the present appeal.
 
 
 7
 On June 18, 1964, plaintiffs obtained a judgment by consent and agreement against defendants for $15,000, which was satisfied.
 
 
 8
 Intervener now asks this court on appeal to reverse and vacate the judgment of the district court, order the $15,000 paid by defendants to plaintiffs be returned and impounded in the registry of the district court and order that intervener be granted leave to intervene and be joined as a third party plaintiff in a new trial.
 
 
 9
 Intervener contends, inter alia, that the district court should have permitted him to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., or, in the alternative, the district court should have allowed him 'permissive intervention' under Rule 24(b), 28 U.S.C.A.[1]
 
 
 10
 We shall not consider the alternative contention since the denial of permissive intervention under Rule 24(b), in the absence of a showing of an abuse of discretion, is not appealable. There was no showing of an abuse of discretion by the trial court in this case. E.g., Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co., 331 U.S. 519, 524-525, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947); Rosenblum v. United States, 1 Cir., 300 F.2d 843 (1962); Ford Motor Company v. Bisanz Bros., Inc., 8 Cir., 249 F.2d 22, 26-27 (1957); 4 Moore, Federal Practice P24.07, at 32 (2d ed. 1963).
 
 
 11
 Intervener's contention that he should have been permitted to intervene as of right under Rule 24(a) is appealable. Ibid.
 
 
 12
 Intervention of right is provided for by Rule 24(a) '(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.'
 
 
 13
 Intervention under subdivision (a)(2) must be predicated upon both factors referred to therein. Intervention under subdivision (a)(3) requires an interest in property which is protected by the law, 'a claim of ownership, or a lesser interest, sufficient and of the type to be denominated a lien, equitable or legal.' 4 Moore, Federal Practice P24.09, at 45 (2d ed. 1963). 'Where a legal interest in property is lacking, there can be no lien, and hence no absolute right to intervene' under subdivision (a)(3). 4 Moore, op. cit. supra at 52.
 
 
 14
 Intervener's claim does not satisfy either of the above two prescriptions. He was employed by plaintiffs and, according to plaintiff Walker's testimony, did extensive investigative work in connection with the derivative suit. Intervener, in his brief, states that he also wrote the complaint and auxiliary papers in the derivative suit. Defendant Robert Allen testified in the trial below that intervener was paid $10,000 for his services out of the $52,250 received as part of the settlement in the derivative suit and that subsequently a further payment of $8,500 was made to him.
 
 
 15
 Intervener argues that he has received only part payment for his services and that he is to be reimbursed from the $52,250 fund.
 
 
 16
 Intervener's claim of money owed him by defendants for investigative services and writing in the stockholders' derivative suit does not entitle him to intervene as of right in the suit by plaintiffs for recovery of attorney fees for services performed by them in the same derivative suit.
 
 
 17
 Intervener's claim for compensation was not litigated in the suit below, thus he was not bound by the consent judgment entered therein. He had no interests which were represented.
 
 
 18
 Intervener is not an attorney and his claim for compensation from defendants is derived from his status as an employee of defendants. His services as an employee do not give him a lien or any legal or equitable title to the fund received by defendants in the derivative stockholders' suit. Thus, he cannot be adversely affected by a distribution or disposition of this fund.
 
 
 19
 While intervener may have a cause of action against defendants, as he urges in the instant action, his remedy is to file a separate suit. He has no absolute right to intervene in this case under Rule 24(a).
 
 
 20
 We have considered other contentions made by intervener on this appeal and find them to be wholly without merit. He is seeking a reversal of the consent judgment entered below in the principal action and this he cannot do. He was not a party thereto and had himself dismissed therefrom as a third party defendant when he was brought in.
 
 
 21
 The district court did not err in denying intervener's motion to intervene as a third party plaintiff and we affirm this denial.
 
 
 22
 Affirmed.
 
 
 
 [1]
 'Rule 24. INTERVENTION (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof. As amended Dec. 27, 1946, eff. March 19, 1948
 '(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. As amended Dec. 27, 1946, eff. March 19, 1948.'