Bess A. MARTIN et al., Plaintiffs-Appellants,

v.

KALVAR CORPORATION et al., Defendants-Appellees.

No. 26677.

United States Court of Appeals
Fifth Circuit.

May 26, 1969.

Louis P. Bickel, Johnson, Bromberg, Leeds & Riggs, Dallas, Tex., Gordon F. Wilson, Jr., Robert E. Leake, Jr., Hammett, Leake & Hammett, New Orleans, La., Brantly Harris, Lonard K. Wells, Houston, Tex., for plaintiffs-appellants.

Gibbons Burke, Harry McCall, Jr., Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for defendants-appellees.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

PER CURIAM:

The issue on appeal is whether the District Court properly denied the motion of Patrick S. Martin to intervene in a shareholder's derivative action to rescind Kalvar Corporation's acquisition of the stock of S. O. Systems, Inc. in exchange for Kalvar Corporation stock.

Intervention is divided into two classes under Rule 24 of the Federal

Rules of Civil Procedure: (a) Intervention of right, and (b) Permissive intervention. If the right to intervene is absolute, the order denying intervention is appealable and may be judged on its merits.[1] If the right to intervene is permissive, no appeal may be taken from an order denying leave to file an intervention in the absence of a showing of abuse of discretion. Brotherhood of R. R. Trainmen v. B. & O. R. Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947); Lipsett v. U. S., 359 F.2d 956 (2nd Cir. 1966); Mendenhall v. Allen, 346 F.2d 326 (7th Cir. 1965).

 The crucial question here is whether the interest of Patrick S. Martin is adequately represented by the Plaintiff stockholders who brought the original suit in behalf of Kalvar Corporation. The rule is that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty. Peterson v. U. S., 41 F.R.D. 131 (D.C.Minn.1966); Stadin v. Union Electric Co., 309 F.2d 912 (8th Cir. 1962); Freiday v. Cowdin, 83 F.Supp. 516 (D.C.N.Y.1949).

Appellant, Patrick S. Martin, has failed to show that any interest he might have would not be adequately protected by the present representatives. Appellant cannot successfully contend that the present plaintiffs represent an interest adverse to him since he has acknowledged that the suit was brought in behalf of Kalvar Corporation and not for the immediate benefit of the shareholder representatives. He does argue that his interest is distinct from the interest of the present representatives in that he seeks to recover alleged personal expenses incurred in attempting to prevent the stock exchange. In so doing, appellant is not acting as a derivative stockholder for the benefit of Kalvar Corporation, and his argument fails. cf. Koster v. Lumbermans Mutual Cas. Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

Obviously the appellant does not meet the requirements of inadequacy of representation, and the proposed intervention is clearly not one of right. The intervention being only permissive, its denial was within the discretion of the District Court and not appealable since no abuse of discretion has been shown.

Affirmed.

---

1. The requisites of an intervention of right under Rule 24(a) (2) are interpreted in Edmundson v. State of Nebraska, 383 F. 2d 123 (8th Cir. 1967):
    "Thus, to intervene the applicant must generally show three things: (1) that he has recognized interest in the subject matter of primary litigation, (2) that his interest might be impaired by the disposition of the suit, and (3) that his interest is not adequately protected by the existing parties."