Wilson GABRIEL, etc., Plaintiff,

v.

STANDARD FRUIT AND STEAMSHIP COMPANY, Defendant-Appellee.

William H. MATHEWS, Pres., etc. et al., Plaintiffs,

v.

STANDARD FRUIT AND STEAMSHIP COMPANY, Defendant-Appellee,

Reuben F. Woodward et al., Intervenors-Appellants.

No. 71–1884

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1971.

Edgar N. Quillin, Arabi, La., Revius O. Ortique, Jr., New Orleans, La., for intervenors-appellants.

Bernard Marcus, Robert M. Moore, H. Barton Williams, Deutsch, Kerrigan & Stiles, New Orleans, La., for Standard

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Fruit and Steamship Company; Frederick B. Alexius, New Orleans, La., of counsel.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from an order denying intervention to 113 applicants who sought to participate in a class action against their employer, Standard Fruit and Steamship Company, for breach of a collective bargaining contract.

■ Appellants seek to intervene on the ground that they are entitled to "intervention of right" under Rule 24(a)(2) of Federal Rules of Civil Procedure. However, in the absence of an abuse of discretion by the district judge, federal appellate courts have no jurisdiction to review the denial of intervention unless the prospective intervenors establish, among other things,[1] that representation within the existing class may be inadequate to protect their interests. Martin v. Kalvar Corporation, 5 Cir., 1969, 411 F.2d 552; Atlantis Development Corporation v. United States, 5 Cir., 1967, 379 F.2d 818.

The class of parties-plaintiff was designated by the District Judge in his order of August 18, 1970 in three categories,[2] but, in essence, there are only two groups. The first group contains two labor organizations, Local Unions 1515 and 1800 of the Banana Handlers International Longshoremen's Association, AFL-CIO. The second group is made up of individuals. It includes all persons, regardless of union membership, who were employed by the defendant as banana handlers during the relevant period of the collective bargining agreement, *except individual members and former members of Local 1800.* From the record before us we cannot tell why individual Local 1515 members and former members were specifically included in the class defined, while individual Local 1800 members and former members were implicitly excluded.

■ However, we do not now need to decide whether there was a valid basis for this disparate treatment. The District Judge, in his opinion order dated April 9, 1971, noted that the issues in this action had been split, and that he would first adjudicate whether the defendant had breached the collective bargaining agreement. He further noted that *as to that issue* there was no contention that all former employees of defendant are not similarly situated. Appellants do not dispute that finding. We therefore conclude that the interests of the appellants are adequately represented by existing parties on the question of whether the agreement was breached. Moreover, a perusal of the record indicates that appellants' counsel, Edgar D. Quillin, is also the attorney for 36 plaintiffs, both union and non-union employees, who were allowed to intervene in the action below; thus, their own attorney will take part in prosecuting the suit. Under these circumstances, we hold that appellants have

---

1. The intervenor must also show that he has an interest in the litigation which might be impaired by the disposition of the case. See 3B Moore's Federal Practice (2nd ed. 1969) § 24.09–1 [1], 24–284, 285.

2. The relevant portion of that order provides:

"2. The class shall consist of the following:

a. Banana Handlers International Longshoremen's Association, CIO-AFL, Local Unions Nos. 1515 and 1800

b. All persons who are or were members of Banana Handlers International Longshoremen's Association, CIO-AFL, Local Union No. 1515 and who were employed by the defendant, Standard Fruit and Steamship Company, as banana handlers as defined in the aforesaid Collective Bargaining Agreement between October 1, 1954 and April 27, 1967;

c. All persons not members of the aforesaid Local Unions Nos. 1515 and 1800 who were employed by the defendant, Standard Fruit and Steamship Company, as banana handlers as defined in the aforesaid Collective Bargaining Agreement between October 1, 1964 and April 27, 1967."

failed to prove that representation of their interests is now inadequate since their own attorney will take part in prosecuting this part of the suit.

The proposed intervention of appellants at this stage is therefore permissive rather than "of right" and, finding no abuse of discretion by the trial judge, this court is without jurisdiction of this appeal. This initial decision cannot prejudice appellants' right to file a later application to intervene herein if matters as to which appellants claim an interest, other than the issue of breach of contract, should require adjudication.

Affirmed.