NATIONAL 4-H CLUB FOUNDATION OF AMERICA,
INC. *v.* BERNARD C. THORPE

[No. 777, September Term, 1973.]

*Decided July 3, 1974.*

The cause was argued before ORTH, C. J., and THOMPSON and MENCHINE, JJ.

*Stephen Z. Kaufman,* with whom were *Linowes & Blocher, R. Robert Linowes* and *Robert H. Metz* on the brief, for appellant.

*Michael J. Ragland,* with whom were *Charles W. Bell, John T. Bell, Frank S. Cornelius* and *Bell & Bell* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

National 4-H Club Foundation of America, Inc. (National), claiming the right to do so under Maryland Rule 208 a, filed a motion to intervene as defendant in an ejectment action brought by Bernard C. Thorpe (Thorpe) as plaintiff against Bessie V. Mills (Mills) as defendant. The motion to intervene was denied by the Circuit Court for Montgomery County (Shure, J.). This appeal followed. A pending demurrer by Mills has not been heard by the trial court, the proceedings below having been suspended pending this appeal.

*Sua sponte,* we note that a jurisdictional question arises in this appeal. Although the right to immediate appeal was not contested by the parties, we believe we should discuss the interrelationship of Maryland Rule 208 a and Maryland Rule 605 a. The latter rule bars immediate appeal from an adjudication of less than all claims absent express

determination by the trial court that there is no just reason for delay and absent express direction for the entry of judgment by the trial court. Jurisdiction may not be conferred by consent of the parties. *Lang v. Catterton*, 267 Md. 268, 275, 297 A. 2d 735, 739.

That part of Rule 208 that is pertinent to these proceedings reads as follows:

"Rule 208. *Intervention*.

a. *Of Right*.

Upon timely application a person shall be permitted to intervene in an action: (a) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *."

The part of Rule 605 that is pertinent to these proceedings reads as follows:

"Rule 605. *Multiple Claims — Judgment Upon . . . . Gen'l.*

a. *When Entered — As to Part or All.*

Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

4

In the subject case we stress that intervention by National was claimed as a matter of right under Rule 208 a and that the trial court did not make the express determination and the express direction authorized by Rule 605 a.

The question whether denial of intervention, claimed as a matter of right, gives rise to a concomitant right of immediate appeal, has been the subject of considerable appellate discussion in the Federal Courts, under the Federal Rules of Procedure.[1]

---

1. At the time of the Federal Court decisions to be referred to *infra*, the counterpart Federal Rules of Procedure relating to intervention and to judgment upon multiple claims and parties read as follows:

(Maryland Rule 208 a.) Federal Rule 24 a:

"Rule 24. *Intervention.*

(a) *Intervention of Right. Upon timely application* anyone *shall be permitted to intervene in an action:* (1) when a statute of the United States confers an unconditional right to intervene; or (2) *when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action;* or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or officer thereof." (Italics supplied.)

(The italicized words in Federal Rule 24 a are identical with Maryland Rule 208 a.)

(Maryland Rule 605 a.) Federal Rule 54 b:

" (b) JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Rule 605 a has been described as substantially a duplicate of Federal Rule 54 b. *Funger v. Mayor of Somerset,* 244 Md. 141, 223 A. 2d 168.

Federal Rule 54 b was amended in 1961 by adding "multiple parties" to its text. Although Maryland Rule 605 a was not similarly amended the same purpose was achieved by judicial interpretation. See: *Picking v. State Finance Company,* 257 Md. 554, 263 A. 2d 572; *Tedrow v. Ford Motor Co.,* 260 Md. 142, 271 A. 2d 688; *Frericks v. Baines,* 16 Md. App. 343, 296 A. 2d 706.

The question has not, however, been the subject of appellate discussion in Maryland.[2]

3B Moore's Federal Practice, ¶ 24.15 discusses appeal rights under Federal Rule 24 a. It is there stated:

> "As a general rule, unless an interlocutory order falls within one of the categories from which an appeal may be taken, a decision of a district court must be 'final' in order to be appealable.

> "Under this standard, it is clear that a district court order *allowing* intervention is not a final order and is not appealable as such. It would appear that the converse should also be true that an order denying intervention is appealable since it finally excludes the applicant from participation in the litigation and is thus a final order as to him. However, the cases do not support so sweeping a conclusion. Rather, a jurisdictional rule has arisen under which an order denying intervention is appealable if intervention was a matter of right; but if intervention is permissive only, the order denying intervention is appealable only if the court has abused its discretion. * * * Since the rule makes the initial question of jurisdiction turn on the merits of the question being raised, *i.e.,* whether intervention was of right or invoked the sound discretion of the trial court, as a practical matter the appellate court must decide the merits whether it dismisses the appeal, affirms or reverses. The appropriate solution therefore should be to treat all denials of intervention as final orders, but to reverse only where there was intervention of right or an abuse of discretion in denying permissive intervention."

---

2. The Court of Appeals of Maryland, by *per curiam* opinion in *Shenk v. Md. Svgs. & Loan Asso.,* 235 Md. 326, 201 A. 2d 498, affirmed the trial court's order denying intervention but did not address itself to the question whether Rule 605 a (absent the authorized determination and direction of the trial court) bars immediate appeal where intervention under Rule 208 a has been denied.

The relationship of Federal Rules 24 a and 54 b is discussed in 6 Moore's Federal Practice, ¶ 54.38 wherein it is said, *inter alia*:

"The appealability, under amended 54 (b), of an order denying intervention raises a troublesome and quite different problem from that involved where intervention is granted and the intervener's claim is thereafter adjudicated.

"We shall first discuss the denial of intervention. As previously stated, there are two different types of intervention — one based upon a permissive right, the other upon an absolute right; and under original 54 (b) an appeal based upon the denial of a permissive right would ordinarily not lie because the denial involved an exercise by the district court of discretion and abuse could seldom be shown, but would lie from a denial where the right of intervention was absolute. How stands the matter under amended 54 (b)?

"To answer this, one must first determine whether the Rule has any application to the denial of intervention * * *, we question whether the denial of intervention has dealt with a 'claim for relief' or whether the petitioner is a 'party' whose rights and liabilities in the action have been adjudicated within the intendment of amended 54 (b). * * * in the absence of the determination and direction the order denying intervention is not appealable if amended 54 (b) applied. By hypothesis, however, where an absolute right to intervene is involved the litigation is of such a character that unless the applicant is allowed to intervene his rights will be unduly affected. * * * problems can be avoided by holding that the denial of intervention is a collateral order, whose appealability is totally unaffected by amended 54 (b). Thus the prior law would continue to determine the appealability of orders denying intervention: an order denying intervention where

the right is absolute is final; an order denying permissive intervention, although rejecting a claimed procedural right with finality, would ordinarily be non-appealable because of the discretionary nature of the denial." (From pp. 641-643)

In 7A Wright & Miller, Federal Practice and Procedure, Civil § 1923, appellate review of intervention orders is discussed, the authors saying, *inter alia:*

"An order granting leave to intervene is not final and is not appealable as of right. * * *

"The matter has been much more complicated when review is sought of a denial of intervention, but there are clear signs that the courts are moving to a simpler and more sensible rule. The traditional view has been that the appellate court can reverse if the trial court has erroneously denied intervention of right or if it has abused its discretion in denying permissive intervention, but that its order is not appealable, and the appeal must be dismissed, if the trial court properly denied the application for intervention. * * * It is clear enough what the rule ought to be. Any denial of intervention should be regarded as an appealable final order — as it surely is so far as the would-be intervenor is concerned — but the appellate court should affirm unless intervention of right was erroneously denied or, more debatably, the trial court seriously abused its discretion in refusing to allow permissive intervention.

"The only obstacle to following the simple rule just described is that there is a substantial body of authority, including cases from the Supreme Court, making the more elaborate distinctions set out earlier. This obstacle may be easily overcome since the only difference between the proposed rule and the earlier rules is the wholly formal one that under the proposed rule the appellate court will affirm

denial of intervention when previously, having determined on the merits that the trial court was right, it would dismiss the appeal.

"There is ample evidence that the courts are moving to the simpler rule here proposed. This is found in cases in which the courts have in fact affirmed, though without discussion of this question, when they have concluded that intervention was properly denied. It is found even more strikingly in cases in which the court simply assumes that the order denying intervention is final and goes directly to the merits.[3]

"It is thoroughly settled that one who has sought intervention of right may appeal from a denial of his application and the appellate court will reverse if it concludes that he was entitled to intervene of right. This is true both in the usual situation in which the trial court erroneously has concluded that the applicant does not fall within Rule 24 (a) and also in the less common situation in which the trial court has abused its discretion in determining that an application under Rule 24 (a) was not timely. If the appellate court concludes that intervention of right was properly denied, the traditional practice has been that it will dismiss the appeal for want of jurisdiction. As has been seen, this tradition is rapidly becoming lost and many courts in this situation now simply affirm the denial of intervention of right." (Footnote added.) (From pp. 626-629)

The decisions in federal cases support fully the text declarations in Moore and in Wright and Miller, both *supra*, that denial of intervention to one entitled to trial participation as a matter of right, is an appealable final order. The Supreme Court in *Sutphen Estates, Inc. v. United States*, 342 U. S. 19, 20, 96 L. Ed. 19, 23, ruled that "If

---

**3.** An example of such a case is *Shenk v. Md. Svgs. & Loan Asso.*, see footnote 2, *supra*.

appellant may intervene as of right, the order of the court denying intervention is appealable." See also: *Fox Publishing Co. v. United States*, 366 U. S. 683, 6 L. Ed. 604, wherein footnote 3 distinguished appellate jurisdiction in cases relating to appeals from a denial of *permissive* intervention from those appeals where intervention, claimed as of right, has been denied. Indeed, we have found no case to the contrary.

We hold that denial of intervention, claimed as of right under Rule 208 a, is an appealable final order and is not affected by Rule 605 a.

The area of difference in the federal decisions appears to arise when the appellate tribunal concludes that the trial court correctly denied the claimed right to intervene. In some, the appeal was dismissed,[4] in others the order appealed from was affirmed.[5]

Wright and Miller, *supra*, have observed that the modern trend in the federal decisions is toward affirmance in such circumstances. Because discussion of the merits of a claim of right to intervention is a prerequisite to decision upon the issue, we believe the more recent trend is the sounder procedure when it is concluded that the order of the trial court was correct.

We stress the nature of the present pleadings in the ejectment action of *Thorpe v. Mills*, because the issue they raise narrowly constricts the right of intervention by National. In the ejectment declaration as particularized, Thorpe alleged that he acquired title to certain acreage in

---

**4.** *Sam Fox Publishing Co. v. U.S., supra; Sutphen Estates, Inc. v. U.S., supra; Rosenblum v. U.S.*, C.A.1st, 1962, 300 F. 2d 843; *Thompson v. Broadfoot*, C.C.A.2d, 1948, 165 F. 2d 744.

**5.** *FMC Corp. v. Keizer Equip. Co.*, C.A.6th, 1970, 433 F. 2d 654; *Bumgarner v. Ute Indian Tribe of Uintah & Ouray Reservation*, C.A.10th, 1969, 417 F. 2d 1305, 1309; *Martin v. Kalvar Corp.*, C.A.5th, 1969, 411 F. 2d 552, 553; *Edmondson v. State of Nebraska*, C.A.8th, 1967, 383 F. 2d 123, 128; *Union Cent. Life Ins. Co. v. Hamilton Steel Prods. Inc.*, C.A.7th, 1967, 374 F. 2d 820, 824; *Mendenhall v. Allen*, C.A.7th, 1965, 346 F. 2d 326, 328; *Degge v. City of Boulder, Colorado*, C.A.10th, 1964, 336 F. 2d 220, 221; *Reich v. Webb*, C.A.9th, 1964, 336 F. 2d 153, 160, certiorari denied 85 S. Ct. 890, 380 U. S. 915, 13 L.Ed.2d 800; *Philadelphia Elec. Co. v. Westinghouse Elec. Corp.*, C.A.3d, 1962, 308 F. 2d 856, 861, certiorari denied 83 S. Ct. 883, 372 U. S. 936, 9 L.Ed.2d 767; *Farmland Irrigation Co. v. Dopplmaier*, C.A.9th, 1955, 220 F. 2d 247, 249; *SEC v. Everest Management Corp.*, C.A.2d, 1972, 475 F. 2d 1236.

Montgomery County, Maryland under and by virtue of a certain deed from Charles Herman Rabbitt (Rabbitt) dated September 9, 1966. It is alleged that under that deed Rabbitt granted and conveyed to Thorpe, in fee simple, a tract of land known as "Locust Grove" at the same time acknowledging that the deed contained a reservation in the following words:

> "Reserving in the said Charles Herman Rabbitt, an estate for his natural life, to use said land as he sees fit and further, reserving an estate for and during her natural life, an estate for Bessie V. Mills if she is still in the employment of the said Charles Herman Rabbitt at the time of his death and retains a residence on said land."

The declaration further alleged that Rabbitt died in 1972 and that Mills was still living. The declaration then maintained that the latter had acquired no right, title, interest or estate in "Locust Grove" under the deed because the reservation did not, as a matter of law, vest such interest in her. The declaration alleged wrongful possession of the land by Mills and her ejectment of Thorpe on January 6, 1973.

Mills demurred. Her demurrer was grounded exclusively upon contentions that the declaration as particularized demonstrated: (a) that Thorpe was without a present right to possession through the deed under which both parties claim and thus lacked standing to sue in ejectment; (b) that Mills acquired a valid life estate in possession by the same deed under which Thorpe's claim was based, by reason of the reservation contained therein; and (c) that Thorpe having acquired his rights under the same deed, is estopped to deny Mills' right to possession. The defense of title in another was not raised by the Mills demurrer.

In sum, the Thorpe declaration and the Mills demurrer have raised an issue of their respective rights under a common deed, to which National was neither a party nor in privity with a party claiming thereunder. The legal issues raised by the Mills demurrer have not been considered by the court below and will, of course, not be considered here. Rule 1085.

National's intervention petition sought to raise an independent claim to title. We agree with Judge Shure that such a claim, in the present posture of this ejectment case, does not permit intervention in these proceedings.

Under the present pleadings in the case, the judgment in the action of *Thorpe v. Mills* would accomplish no more than a determination of the respective rights of Thorpe and Mills under the particular deed by which both claim the right to possession. National was not a party to that deed nor does its claim derive from a privity with either Thorpe or Mills. The judgment to be rendered in the Thorpe-Mills ejectment action would in no way affect the interest claimed by National under another deed.

We stress that the issue here is narrow. We do not pass upon the right of National to intervene if subsequent pleadings assert a claim by either Thorpe or Mills that the possession by Mills derives from an independent title.

The overwhelming weight of authority is that where plaintiff and defendant in an ejectment action claim title and possession from a common source, the issue between them will be resolved in favor of the one having the better title derived from that common source. Maryland adheres to that rule of law. In *Ahern v. White*, 39 Md. 409, it was said at page 423:

> "There are many cases in which the well settled rule of ejectment law that to enable a plaintiff to recover he must show title regularly deduced from the State, or adverse possession for twenty years or more, is dispensed with. Instances of such exceptions to the general rule are where the action is brought by a mortgagee against his mortgagor, by a landlord against his tenant, by a purchaser at sheriff's sale against the judgment debtor, *and also where both parties claim under conveyances from the same grantor.* And in *Elwood v. Lannon*, 27 Md. 200, where by an admission of the defendants it was shown that they and the plaintiff both claimed under the *same person,* it was distinctly decided

that it was *prima facie* sufficient to prove derivation of title *from* that party, without producing any patents or deeds to prove title *in* him. In our opinion, the present case falls directly within the reason of these exceptions, and that it was the duty of the court, upon the state of the case made by the defendant himself, simply to determine which was the better title, that under the judgment, or that under the mortgage, both being derived from the same party." (Italics supplied.)

See also: *Jay v. Michael*, 82 Md. 1, 11, 33 A. 322, 323; Annot. 7 A.L.R. 860, 866 (1920).

In an annotation in 5 A.L.R.3d 375, 404 (1966) it is stated:

"* * * the defendant in ejectment cannot defeat the action by showing title in a third person *independent of the common source without connecting himself with such independent title*, nor may a defendant in ejectment, *who relies solely on his claim of title from a common source*, defeat the action by disclaiming under the common source and *set up an independent outstanding title*." (Emphasis supplied.)

Manifestly, an issue foreclosed to the parties to the ejectment action will be foreclosed to an intervenor who is in privity with neither. The intervenor here sought to inject a wholly new and distinct issue in a law action that the parties themselves have not raised, indeed under the pleadings may not raise. *Cf. Minke v. McNamee*, 30 Md. 294.

It is plain that appellant was without a right to intervene under Rule 208 a.

*Order affirmed.*
*Appellant to pay the costs.*