Walton Dacus HAINING, Plaintiff-
Appellant,

v.

M. M. ROBERTS et al., Defendants-
Appellees.

No. 71–1993

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1971.

A. Spencer Gilbert, III, Jackson, Miss., for plaintiff-appellant; Wise, Carter & Child, Jackson, Miss., of counsel.

James E. Rankin, Jackson, Miss., M. M. Roberts, Hattiesburg, Miss., A. F. Summer, Atty. Gen., William A. Allain, Asst. Atty. Gen., Ed Davis Noble, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, *Circuit Judge*:

■■ The appellant was discharged from employment by the State of Mississippi following his refusal to sign a loyalty questionnaire. In a class action he successfully attacked the constitutionality of the Mississippi Subversive Activities Act, Miss.Code Ann., §§ 4064–01 through –13. A three-judge court granted declaratory and injunctive relief, ordered appellant reinstated in his job, awarded back pay earned prior to discharge, and awarded costs but denied attorney fees. Haining v. Roberts, 320 F.Supp. 1054 (S.D.Miss.1970).

---

* ■ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

A motion by appellant to amend the judgment to include damages or earnings lost after discharge was denied on the ground no such claim had been asserted in the case and no proof offered of loss of wages after discharge.

Appellant, satisfied with the injunctive and declaratory relief and with the damages for pre-discharge wages, seeks to appeal on the sole matters of denial of attorney fees and denial of the motion to amend the judgment. We have requested and received briefs on the question of whether we have jurisdiction of the appeal, and, concluding that we lack jurisdiction, dismiss the appeal.

In a suit required to be heard by three judges, as this one was, "any party may appeal to the Supreme Court from an order granting or denying . . . [a] permanent injunction." 28 U.S.C. § 1253. It was appropriate that the three-judge court decide both the attorney fee and the back pay claims.

They are not even separate legal issues but simply aspects of the overall relief sought by the appellant based solely on the claim of wrongful discharge.[1]

The dismissal by the Supreme Court of the appeal in *Brashear I* does not establish that the present appeal is properly to the Court of Appeals. As pointed out in footnote 1, *supra*, defendant's appeal was not to review the decree denying the injunction but to review matters never reached on the merits by the three-judge court. The present appellant seeks review of matters of remedy submitted to and decided by the three-judge court on the merits as part of the injunction suit. The specific damages referred to in the post-judgment motion had not been sought at the hands of the three-judge court, but damages in the form of predischarge unpaid wages had been asked and awarded. Appellant sought by his motion to broaden the scope of damages which he claimed to have incurred.

1. Even where there are separate claims, the three-judge court has jurisdiction to decide ancillary and dependent claims, resting upon a single and interrelated complex of facts. See Turner v. Goolsby, 255 F.Supp. 724 (S.D.Ga.1966), in which in two counts injunctions were sought against allegedly unconstitutional state statutes, and a third count charged a conspiracy to deprive plaintiffs of their civil rights. The three-judge court held that it had power to adjudicate the third count because it was "ancillary" to the first two. "Counts, I, II and III are so interrelated as to present one continuous transaction or set of operative facts . . . ." *Id.* at 731.

Hobson v. Hansen, 256 F.Supp. 18 (D.C.D.C.1966), points out a two-fold rationale for holding that once empaneled a three-judge court has complete jurisdiction over claims not wholly separate and independent—nonconstitutional grounds for decision are available, so that constitutional decision may be avoided, and judicial efficiency may be served by all claims being heard at once.

See also: Pittsburgh & W.V.R. Co. v. United States, 281 U.S. 479, 50 S.Ct. 378, 74 L.Ed. 980 (1930); Wright Federal Courts, § 50, at 191 (2d ed. 1970).

*Brashear II*, Public Serv. Comm'n of Mo. v. Brashear Freight Lines, Inc., 312 U.S. 621, 61 S.Ct. 784, 85 L.Ed. 1083 (1941), is not contrary to our conclusion or to the foregoing cases in this footnote. The counterclaim for damages of a defendant in a three-judge case was dismissed without consideration of the merits after plaintiff's prayer for an injunction was denied. Defendant's appeal to the Supreme Court was dismissed in *Brashear I*, Public Serv. Comm'n of Mo. v. Brashear Freight Lines, Inc., 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. 608 (1939). On remand from the first appeal defendant filed a motion with the three-judge court asking the damages it had unsuccessfully sought by its counterclaim and costs, and it was denied. The Eighth Circuit affirmed on another ground but held that while the claim was ancillary and not the type of issue a three-judge court should decide, it could either decide it or remit it to a single judge. Public Serv. Comm'n of Mo. v. Brashear Freight Lines, Inc., 114 F.2d 1 (8th Cir. 1940). On certiorari the Supreme Court held that the motion should have been decided by a single judge because it was filed after the three-judge court had completed its limited statutory duty and concerned a matter not within the statutory purpose of such a court. *Brashear II*, 312 U.S. at 625–626, 61 S.Ct. at 786–787, 85 L.Ed. at 1086–1087.

Although appellant's motion was filed after the judgment of the statutory court was entered, it concerned a subject matter dealt with by the three judges and it asked that the judgment entered by the special court be amended. The decision in *Brashear II*, concerning a motion filed after the three-judge court had completed its duties and relating to a nonconstitutional matter which that court had not reached on the merits, has no application in this situation.

Appellant having filed his appeal in the wrong court, it is dismissed.