Senator C. J. BENSON et al., Appellants,

v.

Richard A. BEENS et al., Appellees.

No. 72–1076.

United States Court of Appeals,
Eighth Circuit.

March 13, 1972.

Joseph A. Mann, Lawrence J. Hayes, Garrett E. Mulrooney, James A. Gallagher, Mann, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., for appellants.

Alan W. Weinblatt, Berde, Leonard & Weinblatt, St. Paul, Minn., for appellees.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and GIBSON, Circuit Judges.

PER CURIAM.

This case is before us on the motion of the appellants Senator Benson, et al., filed February 11, 1972, for an expedited hearing upon their appeal from order of a duly constituted three-judge court denying their petition to intervene in a case in which said court had previously found certain Minnesota statutes dealing with legislative apportionment unconstitutional, and had granted injunctive and other relief. Resistance thereto has been filed by plaintiff-appellees.

Plaintiff-appellees on February 18, 1972, filed a motion to dismiss the appeal or affirm. At the invitation of this court the appellants and plaintiff-appellees have filed typewritten memorandums on the issue of this court's jurisdiction to hear this appeal.

The underlying facts bearing on the jurisdiction issue may be summarized as follows: A duly constituted three-judge court heard an action brought by plaintiffs, individual citizen voters of Minnesota, challenging the constitutionality of the Minnesota legislative apportionment statutes. Such court on November 15, 1971, entered an order determining the apportionment statutes to be unconstitutional and enjoining further elections thereunder. After holding additional hearings, the three-judge court entered a final order and judgment reducing the membership of the House and Senate and making provision for the election of members of the legislature. Senator Benson, joined by five other state Senators and twelve State Representatives, on February 8, 1972, filed a postjudgment motion for leave to intervene. The principal asserted reason for this untimely motion is that the proposed intervenors had relied upon the intervening State Senate to protect their interest and that doubt has now arisen whether the Senate will prosecute the appeal. The three-judge court, after holding a hearing on February 9, 1972, denied leave to intervene. The appeal to this court is taken from such order.

The State Senate, pursuant to Senate resolution, upon petition was granted leave to intervene in the case and participated therein. On January 25, 1972, the Senate appealed from the final judg-

ment of January 25, 1972. The appeal was docketed on February 11, 1972.

We believe that the only issue properly before us at this time is whether we have jurisdiction to entertain the appeal. Thus our statement of facts has been limited to those bearing on jurisdiction.

The parties to this appeal in their briefs agree that the basic case was properly heard before the three-judge court and that the judgment declaring the Minnesota statutes unconstitutional and enjoining elections thereunder is subject to review only by the Supreme Court under 28 U.S.C.A. § 1253.

Included in the present appellees' multiple grounds of attack on the court's jurisdiction to hear this appeal is the following: "The orderly process of judicial administration requires that the appeal in the instant case be determined by the Supreme Court which is now vested with jurisdiction of the appeal on the merits." We base our dismissal upon such ground. The State Senate had taken a timely appeal on the principal judgment on January 25. The appeal was docketed on February 11. The Supreme Court has jurisdiction over the principal appeal.

It is quite true that the Supreme Court has narrowly interpreted its jurisdiction under 28 U.S.C.A. § 1253. The Court has not, however, refused to hear and decide subsidiary questions when it has before it an appeal from an order granting injunctive relief. See Swann v. Adams, 385 U.S. 440, 443, 87 S.Ct. 569, 17 L.Ed.2d 501; Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506.

The Supreme Court has ample authority to entertain the appeal from the order denying intervention or alternatively to entertain a motion by the present appellants to permit intervention in that Court or to grant leave for filing amicus curiae briefs. Orderly judicial administration dictates that the court hearing the principal appeal should have jurisdiction over the issue as to who should participate in such appeal. We feel certain that the Supreme Court under the peculiar circumstances of this case would want to make its own election with respect to parties entitled to participate in the appeal before it. The Supreme Court is in a superior position to determine what if any intervention may be appropriate. As we have heretofore observed, thus far the fears of the proposed intervenors that the Minnesota Senate will not perfect or prosecute an appeal have not been borne out. When and if such contingency should arise, the Supreme Court is in the best position to take such action as may then appear to be appropriate. In our view, we would be usurping the Supreme Court's functions, and might create unnecessary confusion if we were to exercise jurisdiction over the pending appeal.

Plaintiff-appellees have made other attacks on the jurisdiction issue which appear to have substance but in view of our holding above, we find it unnecessary to reach such contentions.

The appeal of Benson, et al., from the denial of the postjudgment petition for leave to intervene is denied for want of jurisdiction. Our dismissal on such ground eliminates any need to entertain appellants' motion to accelerate the appeal.