**Jane DOE et al.**

v.

**Richard TURNER, Attorney General of the State of Iowa and Ray Fenton, County, Attorney in and for Polk County, Iowa, Appellees,**

v.

**Senators Gene V. KENNEDY et al., Appellants.**

**No. 73–1610.**

United States Court of Appeals, Eighth Circuit.

Dec. 20, 1973.

---

17. This offer did not contemplate the erection of a project with federal assistance.

Donald E. O'Brien, Dewie J. Gaul, Sioux City, Iowa, Joseph P. Zwack, Dubuque, Iowa, and Lawrence F. Scalise, Des Moines, Iowa, for appellants.

Gordon E. Allen, Staff Atty., Iowa Civil Liberties Union, Des Moines, Iowa, for appellees.

Before MEHAFFY, Chief Judge, and GIBSON and STEPHENSON, Circuit Judges.

PER CURIAM.

This matter is before us pursuant to Local Rule 6 (8th Cir. July 1, 1973). Appellants attempt to appeal from an order of the United States District Court for the Southern District of Iowa, denying their motion to intervene. The main proceeding was brought before the district court upon a complaint filed March 14, 1973, which challenged the constitutionality of the Iowa abortion law. Iowa Code ch. 701 (1973). Plaintiffs sought both declaratory relief and a permanent injunction restraining defendants and their state agents from enforcement of the challenged statute. Pursuant to 28 U.S.C. §§ 2281 and 2284 a three-judge district court was convened on May 23, 1973. On May 24, 1973, appellants filed their motion for leave to intervene. This motion was denied by the court on July 19, 1973. By order dated August 3, 1973, the court held Iowa Code ch. 701 (1973), *supra,* unconstitutional and as having no force and effect. In its accompanying memorandum opinion reported at 361 F.Supp. 1288 (S.D. Iowa 1973), plaintiffs' declaratory relief was granted, but their prayer for injunctive relief was denied. The court noted that:

> As stated in Roe v. Wade[1] different considerations enter into a decision to grant declaratory relief. . . . This Court as the Supreme Court in Roe v. Wade will assume that the prosecutorial authorities in Iowa will give full credence to this decision and its holding that the Iowa abortion statute is unconstitutional and of no force and effect. 361 F.Supp. at 1292.

We are without jurisdiction to consider the appeal. An appeal in the main proceeding must be taken directly to the Supreme Court. It is our view, therefore, that an appeal from an order denying intervention therein likewise must be taken directly to the Supreme Court.[2] *See generally,* United States v. California Coop. Canneries, 279 U.S. 553, 559, 49 S.Ct. 423, 73 L.Ed. 838 (1929); *accord,* Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co., 386 U.S. 129, 131–132, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967); Sam Fox Publishing Company v. United States, 366 U.S. 683, 684, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961); Missouri-Kansas Pipe Line Co. v. United States, 108 F.2d 614, 615 (CA3 1939), appeal denied; *cf.* Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 508, 61 S.Ct. 666, 85 L.Ed. 975 (1941); *see discussion,* 3B J. Moore, Federal Practice, ¶24.15 at 24–570–73 (2d ed. 1969).

The appeal is therefore denied.[3]

1. 410 U.S. 113, 166, 93 S.Ct. 705, 733, 35 L. Ed.2d 147 (1973).

2. The three-judge district court denied a stay of judgment pending appeal to this court "first on the basis that the parties are pursuing an appeal to the Eighth Circuit instead of the United States Supreme Court as is proper procedure in appeals from three-judge decisions." The court further indicated that "[e]ven if this appeal had been pursued to the correct appellate court, the Court would still deny the Motion for Stay" because "there is no likelihood of success on appeal" and because "this Court also doubts whether the intervenors could establish irreparable injury to themselves or that no substantial harm will come to other interested parties."

3. Local Rule 9(a) (8th Cir. July 1, 1973).