**Dan WEISER et al., Plaintiffs-Appellants-Appellees,**

v.

**Honorable Mark WHITE, Jr., Secretary of State of the State of Texas, Defendant-Appellee,**

**Thelma Washington et al., Movants-Appellants.**

**No. 73-4003.**

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1975.

John F. Jordan, Sylvia M. Demarest, Edward B. Cloutman, III, Dallas, Tex., for movants.

Ben L. Krage, Lawrence Fischman, Dallas, Tex., for Weiser et al.

John L. Hill, Atty. Gen., Pat Bailey, Larry F. York, Elizabeth B. Levatino, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Nathan W. Eason, J. Douglas McGuire, San Antonio, Tex., for Archer et al.

Morris Jaffe, Richard F. Smith, Dallas, Tex., for Allen et al.

Richard N. Johnston, Dallas, Tex., for Johnston et al.

Michael J. Whitten, Denton, Tex., for Dodd et al.

J. P. Word, Austin, Tex., for Golden et al.

David R. Richards, Austin, Tex., for Briones et al.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This case consists of two appeals from two separate rulings of a duly constituted three-judge district court which was concerned with the reapportionment of the Texas state legislature. One appeal is from the denial of a motion to intervene, the other from a denial of an award of attorney's fees to the original successful plaintiffs. We hold that the Supreme Court of the United States has exclusive jurisdiction of appeals from orders of this nature by a three-judge court, and dismiss both appeals for lack of jurisdiction in this Court.

■ We have previously held that an appeal from the denial by a three-judge court of an attorney's fee request, ancillary to the main action and properly before the three-judge court, is not within the jurisdiction of this Court. Haining v. Roberts, 453 F.2d 1223 (5th Cir. 1971), cert. denied, 406 U.S. 948, 92 S. Ct. 2054, 32 L.Ed.2d 336 (1972). Although that case involved a class action for discharge for refusal to sign a loyalty oath by plaintiffs who sought job reinstatement and back pay, we see no distinction between that case and this one which would weaken it as the controlling authority here.

■ The appeal from the denial of intervention presents us with a slightly different problem because there appears to be no case in this Court directly in point. The appellants-intervenors filed simultaneous appeals to this Court and to the Supreme Court. The Supreme Court has already dismissed the appeal to it. Washington v. White, 416 U.S. 964, 94 S.Ct. 1985, 40 L.Ed.2d 554 (1974). Intervenors argue that since the Supreme Court dismissed their appeal, this Court must have appellate jurisdiction in order for them to have some forum for review of the district court's denial of their motion to intervene. Even if such an argument could have force in determining the presence of jurisdiction in this Court, we view the Supreme Court's dismissal of intervenors' appeal as a decision on the merits, not a decision that it lacked jurisdiction.

This case has been before the courts for some time. A detailed statement of facts is set forth in the Supreme Court's opinion on an earlier appeal. White v. Weiser, 412 U.S. 783, 93 S.Ct. 2348, 37 L.Ed.2d 335 (1973). Briefly, Weiser and others originally filed suit in the United States District Court for the Northern District of Texas against the Secretary of State of Texas challenging the reapportionment of the Texas legislature under Texas Senate Bill 1 (S.B. 1), as a violation of the "one-man, one-vote" principle of Article I, Section 2 of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment. A three-judge district court was convened. See 28 U.S.C. A. §§ 2281, 2284.

After receiving evidence and hearing argument, the court found the legislature's plan of apportionment unconstitutional and ordered the adoption of one of the two alternative plans of apportionment that Weiser had presented to the three-judge panel, called Plan C. That order was stayed by the Supreme Court upon application of the Secretary

of State. 404 U.S. 1065, 92 S.Ct. 750, 30 L.Ed.2d 775 (1972). On appeal, the Supreme Court affirmed the district court's finding of unconstitutionality of S.B. 1, the Texas legislative plan. It reversed the three-judge court's order adopting Plan C, however, because of that plan's deviation from the state policy embodied in S.B. 1. The Supreme Court noted that Plan B was constitutional, followed more closely the desires of the Texas legislature, and that, as between the two choices, Plan B should have been adopted rather than Plan C. The case was "remanded for further proceedings consistent with this opinion." 412 U.S. at 797, 93 S.Ct. at 2356.

On remand, appellants for the first time sought leave to intervene. Desiring to challenge the composition of one of the 24 districts included in the plan, they alleged a denial of equal protection and the right to vote to black citizens of that district, an issue not previously litigated in the suit. The district court ruled that the Supreme Court had effectively ordered the adoption of Plan B. In view of this, it denied the motion to intervene on the ground that, whether considered as an assertion of a right to intervene or only as a request for permissive intervention, the motion was untimely under Rule 24, F.R.Civ.P. The Secretary of State did not appeal the adoption of Plan B. Appellants having no standing to appeal the merits of the three-judge decision, filed concurrent appeals to this Court and to the Supreme Court from the denial of their intervention. The Supreme Court dismissed their appeal to that court "for want of an appealable order." Washington v. White, 416 U.S. 964, 94 S.Ct. 1985, 40 L.Ed.2d 554 (1974).

Direct appeals to the Supreme Court from a properly constituted three-judge court are under 28 U.S.C.A. § 1253:

> Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges.

The Supreme Court has not decided whether an unsuccessful applicant for intervention is "any party" appealing an order of a three-judge court "granting or denying" an injunction, as contemplated by § 1253. Oregon State Elks Ass'n v. Falkenstein, 409 U.S. 1032, 1033, 93 S.Ct. 530, 34 L.Ed.2d 484 (1972) (Douglas, J., dissenting from denial of stay pending appeal), appeal dismissed, 409 U.S. 1099, 93 S.Ct. 907, 34 L.Ed.2d 681 (1973). This Court likewise has not decided the precise issue. But we have decided that some collateral matters dependent upon the injunction suit, which are not the actual grant or denial of an injunction, are appealable only to the Supreme Court. See Haining v. Roberts, supra. While the answer is far from clear, we think that the orderly process of judicial administration requires that any appeal from the denial of intervention by a properly constituted three-judge district court must be to the Supreme Court, and not this Court. The Eighth Circuit has reached this same conclusion. See Doe v. Turner, 488 F.2d 1134 (8th Cir. 1973) (dismissing appeal); Benson v. Beens, 456 F.2d 244 (8th Cir. 1972) (dismissing appeal). But see, Petuskey v. Rampton, 431 F.2d 378 (10th Cir. 1970), cert. denied, 401 U.S. 913, 91 S.Ct. 882, 27 L.Ed.2d 812 (1971).

The wisdom of this approach is clearly demonstrated by the situation in the instant case. The critical issue in deciding that intervenors' motion was untimely is whether the Supreme Court's decision and remand on the initial appeal mandated the adoption of Plan B, or whether the district court was free to consider any other plans which might then be offered. If the Supreme Court's decision effectively directed the adoption of Plan B, there is nothing to be achieved by allowing intervention by other parties. Denied intervention, they would be free later to litigate the issues asserted by them without the spectre of

*res judicata* hanging over them. There could be no abuse of discretion by the district court. If, on the other hand, the question of what the ultimate plan should be still open after remand, it might be that intervenors could represent a different view that should have been considered by the district court. This might possibly result in an abuse of discretion in not allowing intervention, regardless of the timing.

■ For this Court to review the district court's decision for an abuse of discretion, we would be required to construe the mandate of the Supreme Court issued directly to the district court. Such procedure would subvert the settled principle that a mistake in construction of a mandate should ordinarily be corrected by the court which issued the mandate, In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895), a principle the Supreme Court has gone to some length to enforce. *See* Utah Public Service Comm'n v. El Paso Natural Gas Co., 395 U.S. 464, 89 S.Ct. 1860, 23 L.Ed.2d 474 (1969).

An analogous direct appeal statute applies to certain antitrust cases.

> In every civil action brought in any district court of the United States under any of said [antitrust] Acts, wherein the United States is complainant, an appeal from the final judgment of the district court will lie only to the Supreme Court.

15 U.S.C.A. § 29.

In construing this statute, the Supreme Court, considering the policy behind the direct appeal procedure, has viewed its jurisdiction on direct appeal as being somewhat broader than the statute's language might seem to require. *See, e. g.,* Tidewater Oil Co. v. United States, 409 U.S. 151, 93 S.Ct. 408, 34 L.Ed.2d 375 (1972) (finding the "final judgment" of 15 U.S.C.A. § 29 to include a "controlling question" appealed under 28 U.S.C.A. § 1292(b)); United States v. California Cooperative Canneries, 279 U.S. 553, 49 S.Ct. 423, 73 L.Ed. 838 (1929) (find-

ing jurisdiction under the Expediting Act to review the denial of intervention). *See generally* 3B Moore's Federal Practice, ¶ 24.15 (1969). The Supreme Court seems to recognize that some issues are so dependent upon the controlling issue in a case and are so involved with the purpose behind the direct appeal provisions, that, for proper review, all issues should go to the court with jurisdiction over the main issue. This concept remains as valid when the main appeal lies to that Court under 28 U.S.C.A. § 1253, as when it comes under 15 U.S.C.A. § 29.

There is sparse authority on the point. Apparently the only direction given us by the Supreme Court as to what orders of a three-judge district court may be appealed to a court of appeals lies in its decision that denial of three-judge jurisdiction should be reviewed by the court of appeals, and not the Supreme Court. *See* Wilson v. City of Port Lavaca, 391 U.S. 352, 88 S.Ct. 1502, 20 L.Ed.2d 636 (1968); Mayhue's Super Liquor Store, Inc. v. Meikeljohn, 426 F.2d 142, 144–146 (5th Cir. 1970).

As discussed in *Mayhue's Liquor*, the apparent justification for limited jurisdiction in this Court in such a situation is this: once the district court panel decides it was improperly convened, the dismissal order is the functional equivalent of a single judge order refusing to convene a three-judge court in the first instance. The court of appeals should consider such action just as it would an order to the same effect actually entered by a single judge. Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865 (1967).

The reason behind this limited court of appeals jurisdiction to review such a three-judge order does not support the assertion that we have jurisdiction to consider the denial of intervention. The question of intervention is generally too intertwined with the judicial review of the merits of litigation to justify our exercise of jurisdiction in possible derogation of the Supreme Court's authority. Without clear direction from the Su-

preme Court that this piecemeal approach is required by our various appellate jurisdiction statutes, we decline to define our jurisdiction under 28 U.S.C. A. § 1291 to require such a result.

Intervenors assert that the Supreme Court has eschewed jurisdiction in this very case, which we should take as a signal that this Court has jurisdiction over this appeal. It is often difficult to decipher the cryptic meaning of the short orders with which the Supreme Court frequently disposes of matters within its mandatory appellate jurisdiction. We do not view, however, that Court's dismissal of intervenors' appeal as evincing a decision that it lacked jurisdiction under § 1253.

The complete order of the Supreme Court on intervenors' appeal is found among the several dismissal orders entered on April 29, 1974, many of which dismissed "for want of a substantial federal question," or "for want of jurisdiction." This one provides as follows:

> No. 73–6459. Washington, et al. v. White, Secretary of State of Texas, et al. Appeal from D.C.N.D.Tex. dismissed for want of appealable order.

It can be immediately assumed that, had the Supreme Court dismissed the case "for want of jurisdiction," it would have said so. The dismissal was not "for want of jurisdiction," but "for want of an appealable order." *Compare* Shenandoah Valley Broadcasting, Inc. v. ASCAP, 371 U.S. 540, 83 S.Ct. 519, 9 L.Ed.2d 508 (1963) *with* Washington v. White, 416 U.S. 964, 94 S.Ct. 1985, 40 L.Ed. 2d 554 (1974). Furthermore, the Supreme Court did not rule on the intervenors' alternative request to treat the appeal as a petition for writ of certiorari. *Compare* Cole v. California, 416 U.S. 964, 94 S.Ct. 1985, 40 L.Ed.2d 554 (1974). We conclude that the reason the Supreme Court did not rule on such request is that its dismissal was actually an adjudication of the merits of appellants' attempt to intervene under the direct appeal route to that court, thus making unnecessary a ruling as to

whether certiorari jurisdiction should be granted.

■■ Over the years an anomalous rule has evolved in the federal appellate courts concerning the appealability or nonappealability of an order denying intervention. The denial of leave to intervene when the applicant had an absolute *right* to intervene is appealable, but a denial of a motion for *permissive* intervention is not appealable, unless there is an abuse of discretion. Martin v. Kalvar Corp., 411 F.2d 552 (5th Cir. 1969). This rule requires a merit review of any claim of intervention in order for an appellate court to determine whether or not the district court's order is appealable. *See* Hodgson v. United Mine Workers of America, 153 U.S.App.D.C. 407, 473 F.2d 118, 127 n. 40 (1972). If the appellate court finds either that a claim of right to intervene was without merit or that the request for permissive intervention was denied without an abuse of discretion, the action of the district court is not appealable, the appellate court has no jurisdiction, and the appeal should be dismissed. But if the court decides that appellant was correctly alleging a right to intervene or that refusal of permissive intervention constituted an abuse of discretion, the order is appealable and the court has appellate jurisdiction to consider the denial by the lower court. The trial court should be reversed unless the assertion of right to intervene was untimely. This rule's rationale lies in the effect the grant or denial of intervention has upon the rights of the various parties. Absent an absolute right to intervene or an abuse of discretion by the district court, the intervenors are free to litigate their issues in subsequent proceedings and are not prejudiced by any order the court might enter on the merits of the litigation. The denial is therefore not appealable. The Supreme Court articulated the rationale for this rule in Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947), wherein it had postponed consideration of the question of

its jurisdiction to review the order to the hearing of the appeal upon the merits:

Ordinarily, in the absence of an abuse of discretion, no appeal lies from an order denying leave to intervene where intervention is a permissive matter within the discretion of the court. United States v. California Co-op. Canneries, 279 U.S. 553, 556, 49 S.Ct. 423, 424, 73 L.Ed. 838. The permissive nature of such intervention necessarily implies that, if intervention is denied, the applicant is not legally bound or prejudiced by any judgment that might be entered in the case. He is at liberty to assert and protect his interests in some more appropriate proceeding. Having no adverse effect upon the applicant, the order denying intervention accordingly falls below the level of appealability. But where a statute or the practical necessities grant the applicant an absolute right to intervene, the order denying intervention becomes appealable. Then it may fairly be said that the applicant is adversely affected by the denial, there being no other way in which he can better assert the particular interest which warrants intervention in this instance. And since he cannot appeal from any subsequent order or judgment in the proceeding unless he does intervene, the order denying intervention has the degree of definitiveness which supports an appeal therefrom. *See* Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 508, 61 S.Ct. 666, 668, 85 L.Ed. 975.

Our jurisdiction to consider an appeal from an order denying intervention thus depends upon the nature of the applicant's right to intervene. If the right is absolute, the order is appealable and we may judge it on its merits. But if the matter is one within the discretion of the trial court and if there is no abuse of discretion, the order is not appealable and we lack power to review it. In other words, our jurisdiction is identified by the necessary incidents of the right to intervene in each particular instance. We must therefore determine the question of our jurisdiction in this case by examining the character of the Brotherhood's right to intervene in the proceeding brought under § 16(12) of the Interstate Commerce Act.

*Id.* at 524–525, 67 S.Ct. at 1390 (footnote omitted). *Compare* Sam Fox Publishing Co., Inc. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961) *with* Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co., *supra*, and Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 64 S.Ct. 905, 88 L.Ed. 1188 (1944); *see* Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 159, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967) (Stewart, J., dissenting).

This seemingly inconsistent approach of reaching the merits to determine jurisdiction has led at least one federal Court of Appeals to "assume" jurisdiction on review of intervention denials, regardless of the ultimate merit determination, *see* Ionian Shipping Co. v. British Law Ins. Co., 426 F.2d 186, 188–189 (2d Cir. 1970).

Nonetheless, it is clear that the Supreme Court sometimes reaches the merits before it dismisses an appeal. We view its disposition of intervenors' appeal as reflecting such a circumstance. The district court denied the motion to intervene on alternative grounds: (1) the Supreme Court had mandated the adoption of Plan B, and, therefore, intervention could not affect the ultimate disposition of the suit, and (2) even if further proceedings would be appropriate, the motion was untimely, irrespective of whether the motion was for intervention of right or merely for permissive intervention. Considering the approach taken by the Supreme Court in review of intervention rulings, it seems apparent that its dismissal "for want of an appealable order" here meant that either there was no intervention of right or the discretionary determination of

untimeliness was not an abuse of the district court's authority.

It can be noted that the determination of whether an order is appealable to this Court turns on the same factors as those which control the Supreme Court's decision. If our jurisdiction were otherwise clear, we would have been faced with the same decision as faced the Supreme Court. Had we reached the same conclusion, the appropriate action for this Court would likewise have been to dismiss "for want of an appealable order." This leaves intervenors free to protect their interest "in some more appropriate proceeding." 331 U.S. at 524, 67 S.Ct. 1387.

In any event, we hold that jurisdiction for the appeals from the three-judge court orders denying attorney's fees and denying intervention lies only in the Supreme Court under 28 U.S.C.A. § 1253, and not in this Court under 28 U.S.C.A. § 1291. Having no jurisdiction over the subject matter of these appeals, we dismiss.

Appeals dismissed.