**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**STATE OF LOUISIANA et al.,
Defendants-Appellees,**

**National Association for the Advancement of Colored People of Louisiana and Emmitt J. Douglas, President, Movants-Appellants.**

**No. 74–3856.**

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

Robert C. Williams, Baton Rouge, La., Nathaniel R. Jones, New York City, for movants-appellants.

William Shelby McKenzie, Baton Rouge, La., for LSU Board of Supervisors.

William B. Saxbe, Atty. Gen., Thomas M. Keeling, John H. Newman, Ross L. Conneally, U. S. Dept. of Justice, Washington, D. C., Douglas M. Gonzalez, U. S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before BROWN, Chief Judge, and GOLDBERG and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This appeal is taken from an order of a three-judge district court denying a motion to intervene by the National Association for the Advancement of Colored People and Emmitt J. Douglas President of the Louisiana Conference of NAACP Branches in a civil rights suit brought by the United States against the State of Louisiana. We hold that the order of the three-judge court is appealable to the Court of Appeals, and we remand for a hearing on the motion.

On March 14, 1974, the United States, through the Attorney General, filed suit against the State of Louisiana and state agencies of higher education pursuant to the Fourteenth Amendment and Title VI of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000d–2000d–1.[1] The Government alleged that the State had established, maintained and perpetuated an unlawful statewide dual system of public higher education based on race. Injunctive relief and the dismantling of the dual system in accordance with a detailed desegregation plan was sought. A Three-Judge District Court was empaneled on April 16, 1974 to hear the case. See 28 U.S.C.A. §§ 2281, 2284.

On August 30, 1974, the National Association for the Advancement of Colored People (NAACP) and Emmitt J. Douglas President of the Louisiana Conference of NAACP Branches filed a Motion For Leave To Intervene As Plaintiffs in the case. The three-judge court denied the motion without hearing on September 20, 1974.

At the very outset, we must decide whether the denial of a motion to intervene by a three-judge court is appealable to the Court of Appeals or the Supreme Court.[2] In light of recent Supreme Court decisions, we hold that the Court of Appeals has jurisdiction of appeals from orders of this nature by a three-judge court.

Direct appeals to the Supreme Court from a properly constituted three-judge court "granting or denying, . . . an interlocutory or permanent injunction . . . ." are provided for under 28 U.S.C.A. § 1253.[3]

---

1. 42 U.S.C.A. § 2000d prohibits discrimination, exclusion from participation, or denial of benefits under federally assisted programs on the ground of race, color, or national origin.

   42 U.S.C.A. § 2000d–1, in pertinent parts, sanctions the issuance of rules and regulations by federal departments extending federal assistance, approval by President; compliance with requirements.

2. On argument the Court raised the question in light of recent Supreme Court decisions and requested supplemental briefs. All parties concede it is proper for us, but being jurisdictional we must face it for judicial determination.

3. **§ 1253. Direct appeals from decisions of three-judge courts**

   Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges.

Our first stab at the question of proper jurisdiction on appeal from an order of a three-judge district court denying a motion to intervene was in *Weiser v. White*, 5 Cir., 1975, 505 F.2d 912 (1975). In *Weiser* we held that "the orderly process of judicial administration requires that any appeal from the denial of intervention by a properly constituted three-judge district court must be to the Supreme Court, and not this Court". *Weiser v. White, supra* at 914. But time, tide and the ceaseless flow of jurisprudence from on high leaves it now as a historical marker of the law that was.

That *Weiser* must now have also the historical claim to a short—if not the shortest—life, is due to the fact that the Supreme Court just before and thereafter in 1975 reviewed the jurisdictional concerns under § 1253 in its decisions in *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (December 10, 1974) and *MTM, Inc. v. Baxley*, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975).

In *Gonzalez, supra*, an appeal was brought under 28 U.S.C.A. § 1253 challenging the District Court's dismissal of a complaint for lack of standing. The Court refused to consider the standing issue and unanimously held that jurisdiction over such appeals would properly lie in the court of appeals. The Court made reference to the fact that "refusal to request the convention of a three-judge court, dissolution of a three-judge court, and dismissal of a complaint by a single judge are orders reviewable in the court of appeals . . .". 419 U.S. at 100, 95 S.Ct. at 295. If the complaint had been disposed of by a single judge on an order of dismissal for lack of standing, the Court reasoned that it would have clearly lacked appellate jurisdiction. In the opinion of the Court a different result should not attain simply because dismissal was by three judges. The Court concluded by holding that:

"[W]hen a three-judge court denies a plaintiff injunctive relief on grounds which, if sound, would have justified dissolution of the court as to that plaintiff, or a refusal to request the convention of

a three-judge court *ab initio*, review of the denial is available only in the court of appeals." 419 U.S. at 101, 95 S.Ct. at 296.

The Court reserved, however, whether the direct appeal was limited to the grant or denial of injunctions on a constitutional ground.

In *MTM, Inc. v. Baxley, supra*, the Supreme Court, facing the reserved question again found it had no jurisdiction over an appeal brought under 28 U.S.C.A. § 1253. In a civil proceeding brought in state court under the Alabama nuisance law, Alabama sought to enjoin the continued operation of a theater adjudged obscene. While state court proceedings were pending, MTM filed suit in federal court challenging the constitutionality of the nuisance law. A three-judge court was convened and thereafter the Court dismissed the complaint, on the basis of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), without resolving the constitutional merits.

The Court, not reaching the correctness of the dismissal, found that it lacked jurisdiction and held that:

"[A] direct appeal will lie to this Court under § 1253 from the order of a three-judge federal court denying interlocutory or permanent injunctive relief only where such order rests upon resolution of the merits of the constitutional claim presented below." 420 U.S. at 804, 95 S.Ct. at 1281.

That the Court may not have lead us around, through or out of the Serbonian Bog is demonstrated by our analysis of *Gonzalez* and *MTM* in *Jagnandan v. Giles*, 5 Cir., 1976, 538 F.2d 1166 [1976]. We reviewed *Gonzalez* and *MTM* and concluded that the proper forum for appealing a three-judge court refusal to order reimbursement of illegally collected tuition, after a grant of an unappealed injunction holding the collections unconstitutional was the Court of Appeals. Although not concerned with an appeal from the granting or denial of injunctive relief, the decision is illuminating on the jurisdictional scope of 28 U.S.C.A § 1253 and the *Gonzalez* and *MTM* decisions. After analyzing the Su-

preme Court decisions, we found adequate support for lodging jurisdiction in the Court of Appeals. As we noted in *Jagnandan,* this result will further the Congressional purpose of restricting the Supreme Court's mandatory docket, and further be "in the interest of sound judicial administration". *Jagnandan v. Giles, supra* at 1171.

We think the present case is controlled by *MTM, supra.* The jurisdiction of this Court is properly invoked to appeal a three-judge court denial of a motion to intervene. *Weiser v. White, supra* is no obstacle to our finding here today. The Supreme Court was explicit in its *MTM, Inc. v. Baxley, supra* directions so a direct appeal from the denial of intervention cannot be taken to the Supreme Court.

▌ Finding the Court of Appeals to be the proper forum for bringing the appeal, we must remand to the three-judge Court for a hearing on the motion. It is unnecessary for us to go into any detail. Whether treated, as is urged primarily, as an intervention of right F.R.Civ.P. 24(a), or alternatively as a permissive, F.R.Civ.P. 24(b), the exhaustive verified motion to intervene [4] contained specific factual details not only concerning the interests of the intervenors, the likely impairment of their ability to protect that interest, but that such interests would not adequately be represented by the government. This was accompanied by a detailed, scholarly memoranda of law.[5]

On the District Court's own rules, the matters obviously called for some factual determination, the time, manner and method being left to the direction of the District Court.

The District Court needed to know more about the competing circumstances in order to rule on the motion. On the record before us, we are unable to determine the correctness of the ruling. We intimate no view on whether the motion should be granted or denied after such a hearing.

REVERSED and REMANDED.

---

4. Intervenors did not comply with the requirement, F.R.Civ.P. 24(c) of filing with the motion, the proposed complaint. Despite objection by defendants, the District Court must have concluded this did not prejudice the parties in view of the detailed factual demonstration in the motion, for in denying intervention, it did so on

the express ground that the interest of all parties "will be properly and adequately represented by the United States."

5. Indeed, the brief filed before us, except for inconsequential descriptive changes, is a verbatim reproduction.