**UNITED STATES of America et al.,
Plaintiffs-Appellees,**

v.

**ALLEGHENY–LUDLUM INDUSTRIES,
INC., et al., Defendants-Appellees,**

v.

**Sidney S. HARRIS et al.,
Intervenors-Appellants.**

**No. 76–1067
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Jack Greenberg, Barry L. Goldstein, Eric Schnapper, Charles Ralston, James M. Nabrit, Deborah M. Greenberg, New York City, Oscar W. Adams, Jr., James K. Baker, U. W. Clemon, Birmingham, Ala., Gerald Smith, Kenneth Johnson, Norris Ramsey, Baltimore, Md., Bernard D. Marcus, Pittsburgh, Pa., Sidney Raskind, Gabrielle K. McDonald, Mark T. McDonald, Houston, Tex., for petitioners-appellants.

William K. Murray, J. R. Forman, Jr., D. Frank Davis, Joseph W. Letzer, Birmingham, Ala., Ralph L. McAfee, Anthony A. Dean, New York City, Leonard L. Scheinholtz, Jerome Powell, Walter P. DeForest, III, Patrick W. Ritchey, Carl H. Hellerstedt, Jr., Edward J. O'Connell, Joseph P. Kelly, Pittsburgh, Pa., Thomas R. Alexander, Cleveland, Ohio, S. G. Clark, Jr., David S. Dennison, Pittsburgh, Pa., G. J. Haney, Youngstown, Ohio, Bernard Kleiman, Chicago, Ill., Michael Gottesman, George H. Cohen, Robert M. Weinberg, Washington, D. C., Robert T. Moore, Atty., Civil Rights Div., Dept. of Justice, Washington, D. C., E. C. Perkins, Bethlehem, Pa., Jerome A. Cooper, Birmingham, Ala., Beatrice Rosenberg, Washington, D. C., Carl B. Frankel, Asst. Gen. Counsel, U. S. Steelworkers of America, Pittsburgh, Pa., for plaintiffs-appellees.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

The United States Government brought suit against nine United States steel companies and the United Steelworkers of America, AFL–CIO, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

On the day that the Government filed its complaint, the district judge signed and entered two consent decrees which the parties to the suit had negotiated. Subsequently, several organizations and individuals intervened in the suit to oppose the consent decrees. Included among the intervenors is the Harris Group, composed of approximately twenty employees of various steel companies who have filed civil actions alleging discrimination in violation of Title VII. Upon an earlier appeal to this Court by several of the parties, we rendered an opinion on various issues. *See United States v. Allegheny-Ludlum,* 517 F.2d 826, (5 Cir. 1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976).

On one of these, we held that under paragraph 18(g) of Consent Decree I, an employee who accepted the tender of back pay in settlement of his claims and executed the release would be releasing only his claims for back pay, and would not be releasing his right to bring suit for injunctive relief for future effects of discriminatory acts or events which had had their inception prior to the date that the government filed its complaint.

The parties who negotiated the decrees are all in agreement that our interpretation does not comport with the meaning that they intended paragraph 18(g) to have. Consequently, the companies and the union filed motions to amend paragraph 18(g) to conform its language to the intentions of the parties. The district court heard these and other motions on January 2, 1976, allowed the amendment, and filed its order and memorandum of opinion on January 6, 1976.

Prior to the January 2 hearing in the district court, the Harris Group of intervenors had attempted to intervene to prevent amendment of paragraph 18(g). The district court denied them intervention before granting the amendment, but allowed then permissive intervention to file a motion to reconsider and to take discovery as to the intent of the parties at the time they negotiated 18(g). The Harris Group filed its motion on January 16, and discovery is under way.

The dispositive question for consideration is whether we have jurisdiction of the instant appeal. We conclude that we do not for the following reasons: First, the denial of a claim to intervene as of right under Rule 24(a)(2), Federal Rules of Civil Procedure, on the ground the claim has no merit, is not a final judgment. *Allegheny-Ludlum,* 5th Cir. 1975, 517 F.2d 826, 841, *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *Weiser v. White,* 5 Cir. 1975, 505 F.2d 912, 916, *cert. denied,* 421 U.S. 993, 95 S.Ct. 1998, 44 L.Ed.2d 482 (1975). *See also* C. Wright, Federal Courts § 75, at 332 (1970). Second, we conclude that the district court did not abuse its discretion in denying appellants' application for permissive intervention under Rule 24(b)(2), F.R.Civ.P. *Allegheny-Ludlum, supra; Weiser v. White, supra;* C. Wright, *supra.* Finally, the district court's order of January 6 granting the amendment of paragraph 18(g) is not a final order dispositive of the merits of the case. That order provides for continued proceedings in the form of a motion to reconsider and for the taking of discovery in connection with that motion. Appellants' filed their motion to reconsider in the district court on January 16, 1976, and discovery is presently proceeding. *Jung v. K & D Mining Co.,* 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958); *Rodgers v. U. S. Steel Corp.,* 3 Cir. 1975, 508 F.2d 152.

This court lacks jurisdiction to hear this appeal.

DISMISSED.