**UNITED STATES of America et al.,
Plaintiffs-Appellees,**

v.

**ALLEGHENY–LUDLUM INDUSTRIES,
INC., et al., Defendants-Appellees,**

v.

**Sidney S. HARRIS et al.,
Intervenors-Appellants.**

**No. 76–1067.**

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1977.

---

8. *Id.*

Jack Greenberg, Barry L. Goldstein, Eric Schnapper, Charles Ralston, James M. Nabrit, III, Deborah M. Greenberg, New York City, Oscar W. Adams, James K. Baker, U. W. Clemon, Birmingham, Ala., Gerald A. Smith, Kenneth Johnson, Norris C. Ramsey, Baltimore, Md., Bernard D. Marcus, Pittsburgh, Pa., Sidney Raskind, Gabrielle K. McDonald, Mark T. McDonald, Houston, Tex., for intervenors-appellants.

William K. Murray, J. R. Forman, Jr., D. Frank Davis, Joseph W. Letzer, Birmingham, Ala., Ralph L. McAfee, Anthony A. Dean, New York City, Leonard L. Scheinholtz, Jerome Powell, Walter P. DeForest, III, Patrick W. Ritchey, Carl H. Hellerstedt, Jr., Edward J. O'Connell, Joseph P. Kelly, Pittsburgh, Pa., Thomas R. Alexander, Cleveland, Ohio, S. G. Clark, Jr., David S. Dennison, Pittsburgh, Pa., G. J. Haney, Youngstown, Ohio, Bernard Kleiman, Chicago, Ill., Michael H. Gottesman, George H. Cohen, Robert M. Weinberg, Robert T. Moore, Atty., Civil Rights Div., Dept. of Justice, Washington, D. C., E. C. Perkins, Bethlehem, Pa., Jerome A. Cooper, Birmingham, Ala., Beatrice Rosenberg, Washington, D. C., Carl B. Frankel, Asst. Gen. Counsel, U. S. Steelworkers of America, Pittsburgh, Pa., for plaintiffs-appellees.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

GEE, Circuit Judge:

On the heels of our dismissing the would-be Harris intervenors' appeal,[1] defendant steel companies move for an award of reasonable attorneys' fees as part of their costs on the appeal. The 1964 Civil Rights Act, § 706(k), 42 U.S.C. § 2000e–5(k), provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . . .

The first question is whether the companies are "prevailing parties" in the statutory sense. Certainly they have prevailed on this appeal; the danger of resting our inquiry at procedural matters is, however, that piecemeal awards of fees to those who prevail in them may result in requiring the substantive prevailing party largely to subsidize his losing opponent's procedural victories. See Grubbs v. Butz, 179 U.S.App. D.C. 18, 19, 548 F.2d 973, 974 (1976). A motion to reconsider the substantive ruling, filed by the Harris group pursuant to a limited grant of intervention, pends below. It is itself only a portion of the main case, but its disposition will determine whether the Harris group has or has not "prevailed." We conclude that though the resolution of this substantive question—whether paragraph 18(g) of Consent Decree I herein should be amended—is as to the Harris group a "significant and discrete" proceeding,[2] it would be incongruous finally to award fees in a portion of such a subsidiary matter at this time, when the ultimate substantive disposition even of this portion is unknown. Consideration of an award

1. *United States v. Allegheny-Ludlum Industries, Inc.*, 546 F.2d 1249 (5th Cir., 1977).

2. *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir. 1974). Here fees were

awarded at the termination of an interlocutory appeal which finally concluded the substantive issue—whether EEOC could challenge discriminatory hiring practices.

against the Harris group should abide the district court's decision of the group's motion to reconsider amendment of the decree. Should that motion be denied, the Harris group's attempt to participate in the cause will have ended unsuccessfully, and an award of attorneys' fees against it, including fees on this appeal, may be considered by the district court.

■ The second question is whether a different standard should be applied by the district court in awarding attorneys' fees to defendants than to plaintiffs under the Act. We write briefly for its guidance in this matter. We are aware that several circuits have, arguing policy grounds, adopted such a double standard, awarding fees against plaintiffs only in the event of frivolous or vexatious claims. *See, e. g., United States Steel Corp. v. United States*, 519 F.2d 359, 364–65 (3d Cir. 1975). We are unable to read the identical language as intended by Congress to produce different results depending upon whether the "prevailing party" is the plaintiff or the defendant.[3] Instead, Congress by plain words rested such awards in the trial court's unfettered discretion. Had it wished that discretion to be exercised in a biassed rather than an impartial manner, it could easily have said so and still can. For the time being, "[t]his is a case for applying the canon . . . when the legislative history is doubtful, go to the statute." *Greenwood v. United States*, 350 U.S. 366, 374, 76 S.Ct. 410, 415, 100 L.Ed. 412 (1956).

Without prejudice to its renewal below at an appropriate time, the motion is DENIED.

---

**3.** In *Richardson v. Hotel Corp.*, 332 F.Supp. 519, 522 (E.D.La.1971), *aff'd without opinion*, 468 F.2d 951 (5th Cir. 1971), Judge Alvin Rubin has noted plaintiffs' good faith as a factor proper for consideration in awarding (or refusing, as in that case) attorneys' fees to prevailing defendants. The same factor is proper in considering awards against defendants, for the language of the test is the same, the words are unambiguous, and defenses as well as claims may be urged in good faith.