**UNITED STATES of America,
Plaintiff-Appellee,**

**Treavor Brown and Tremaine Brown, et
al., Intervening Plaintiffs-Appellants,**

**v.**

**STATE OF LOUISIANA, et al.,
Defendants-Appellees.**

**No. 81–3372
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 5, 1982.

Margrett Ford, NAACP, New York City, for intervening plaintiffs-appellants.

Kendall L. Vick, New Orleans, La., for State of La.

Taylor, Porter, Brooks & Phillips, Nancy C. Tyler, W. Shelby McKenzie, Baton Rouge, La., for La. St. Univ. and Agric. & Mech. College.

Barham & Churchill, Mack E. Barham, Charles F. Thensted, Martin Feldman, New Orleans, La., for La. St. Bd. of Regents.

William R. Yeomans, Civ. Rt. Div., Appellate Sect., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

C. A. Calloway, Baton Rouge, La., for Grambling State Univ. Alumni.

Before GEE, GARZA and TATE, Circuit Judges.

GEE, Circuit Judge:

About eight years ago this action, charging that Louisiana had established and maintained an unlawful dual system of public higher education based on race, was filed against the State of Louisiana and various state boards and officials to enforce Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d and 2000d–1. Just over two years later, appellant National Association for the Advancement of Colored People (NAACP) filed a motion to intervene that was denied by the district court without a hearing. On appeal, this court remanded the case with instructions that a hearing be held on the motion. *United States v. Louisiana*, 543 F.2d 1125 (5th Cir. 1976).

Little activity ensued in the case thereafter, and the NAACP never reurged the motion for intervention but instead monitored the case as amicus curiae. About a year ago, when at last the case appeared to be moving toward trial, however, the NAACP filed a second motion to intervene. The three-judge court, again without according a hearing, denied this motion as well. 90 F.R.D. 358. The panel concluded that the proposed intervenor did not meet the requirements of Rule 24(a), Federal Rules of Civil Procedure, for intervention as of right because the motion was untimely, because the United States was adequately representing its interests, and because the NAACP had other means of protecting its rights. Because of the NAACP's long delay in reurging a right to intervention and because it was not clear that the proposed intervenors were the same as those who moved for intervention in 1974, the panel did not believe that the 1976 remand order was binding on it. As a general proposition, the timeliness of an application for intervention is an issue that addresses the discretion of the district court, and its determination will not be overturned on appeal unless an abuse of that discretion is shown. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). We cannot say, in view of the NAACP's great and undisputed delay—over four years—in advancing the second motion that the order denying it was such an abuse. Nor was a hearing needed in such circumstances.

As for the remand order's direction to hold such a hearing, insofar as an appellate direction in connection with the remand of an appeal from an interlocutory order may properly be viewed as law of the case, we do not view it as binding on the panel. Unlike res judicata, law of the case does not bar consideration of matters that could have been but were not resolved in the earlier proceeding to which it refers. *Signal Oil & Gas Co. v. Barge W–701*, 654 F.2d 1164, 1169 (5th Cir. 1981). The delay of over four years that ensued between our remand and the filing of the NAACP's second motion to intervene—itself an adequate and sufficient ground for its denial—not only was not, but could not have been, considered by either the district court or by our panel in their earlier meetings. The order of the district court denying intervention is

AFFIRMED.