United States Court of Appeals,

Fifth Circuit.

No. 93-5192.

Ray HAYS, et al., Plaintiffs-Appellees,

v.

STATE OF LOUISIANA, et al., Defendants-Appellees,

v.

Bernadine ST. CYR, et al., Movants-Appellants.

April 20, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before POLITZ, Chief Judge, KING and DAVIS, Circuit Judges.

POLITZ, Chief Judge:

Bernadine St. Cyr and others ("St. Cyr") appeal the denial by a three-judge district court of their attempt to intervene in litigation challenging the Louisiana Legislature's congressional redistricting plan.  Lacking jurisdiction we dismiss the appeal.

*Background*

The plaintiffs challenged the legislative redistricting plan for allegedly employing racial gerrymandering in violation of the Voting Rights Act and their fifth and fourteenth amendment rights to equal protection.  A three-judge district court was convened under 28 U.S.C. § 2284.  A trial was held in August 1992 and the court denied the constitutional claims and prayer for an injunction.  The court retained jurisdiction over the case, however, continuing to consider plaintiffs' claims under the Voting Rights Act.

1

In June 1993 the Supreme Court rendered its decision in *Shaw v. Reno*,[1] holding that constitutional equal protection claims apply to apportionment schemes. The following month St. Cyr filed a motion to intervene. In a single-judge order the court promptly denied that motion but scheduled an evidentiary hearing in which St. Cyr and other interested parties were invited to participate as *amici.* St. Cyr appealed the district court's denial of intervention to this court. Subsequent to that appeal the district court declared the Louisiana apportionment scheme unconstitutional and enjoined future elections thereunder. The State of Louisiana noticed its appeal of that decision to the Supreme Court.[2]

## *Analysis*

St. Cyr complains that the three-judge district court improperly denied her motion to intervene. Before addressing the merits of her appeal we must first determine whether we have appellate jurisdiction in this matter. We now confront the conundrum previously hypothesized: a case which is "fragmented or split into pieces for purposes of appeal," with the "order granting the injunction ... be[ing] appealed directly to the Supreme Court" while related non-injunction issues are appealed to us.[3] We conclude that we may not exercise jurisdiction over St. Cyr's appeal.

---

[1]--- U.S. ----, 113 S.Ct. 2816, 125 L.Ed.2d 511 (1993).

[2]*See* 28 U.S.C. § 1253.

[3]*Jagnandan v. Giles*, 538 F.2d 1166, 1171 (5th Cir.1976), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977).

St. Cyr understandably argues the general rule that under 28 U.S.C. § 1253 this court is the appropriate forum for the appeal of a three-judge district court denial of an intervention.[4] She persuasively argues that the Supreme Court will not accept a direct appeal absent a final judgment on the injunctive relief by the three-judge court.[5] The cases cited, however, differ factually and legally from the case at bar.[6]

We are aware of no "Goose"[7] case by the Supreme Court disposing of this issue. We are aided, however, by a decision of

---

[4]*See United States v. Louisiana,* 543 F.2d 1125 (5th Cir.1976) (citing *MTM, Inc. v. Baxley,* 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975)). While the court of appeals is generally the proper forum for appealing a denial of intervention, we have not considered a possible exhaustion of remedies prerequisite. Section 2284(b)(3) provides that single-judge orders may be reviewed by the full three-judge district court panel. St. Cyr did not avail herself of this option. We have imposed exhaustion requirements where the body whose decision we are reviewing has a pre-appeal mechanism through which it might "correct its own errors." *Cf. Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972). Whether the opportunity to appeal the single-judge order to the three-judge district court creates a responsibility to do so before appealing to this court is an open question. Given our conclusion on jurisdiction, however, we do not reach this issue.

[5]The Supreme Court has narrowly construed its ability to take direct appeals under section 1253. *MTM; Gonzalez v. Automatic Employees Credit Union,* 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974).

[6]*E.g., Jagnandan,* 538 F.2d at 1171 ("The absence of an appeal from the injunctive relief eliminates that hypothetical [of simultaneous appeals in separate courts] from surfacing here.").

[7]The terminology for a commanding precedent, factually on all fours, varies, being referred to as a "Goose" case in Louisiana, a "Spotted Horse" or "Spotted Dog" case in Alabama, a "Cow" case in Kansas, and a "White Horse" or "White Pony" case in Texas. *Jefferson v. Ysleta Independent School Dist.,* 817 F.2d 303, 305 n. 1 (5th Cir.1987).

our colleagues in the Eighth Circuit[8] who declined to act on an appealed denial of intervention where the merits of a three-judge court ruling was on appeal to the Supreme Court. The factual situation at bar is the same; only the timing of the notices of appeal differ.

We conclude that once there has been a timely and appropriate appeal to the Supreme Court of a three-judge court's ruling on the merits, neither 28 U.S.C. § 1253 nor the Supreme Court's narrowing gloss suggest that the Supreme Court restrain from also considering interlocutory orders properly appealed. We understand the Supreme Court as indicating that when presented as a part of the appeal of the judgment on the merits by the three-judge court it will consider other rulings and orders of the trial court.[9] We are persuaded that we have no jurisdiction of a matter properly on appeal before the Supreme Court.[10]

When the instant appeal was noticed the three-judge court had

---

[8]*Benson v. Beens,* 456 F.2d 244 (8th Cir.1972).

[9]*See Mitchell v. Donovan,* 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970) (a direct appeal which includes "*only* a declaratory judgment" is unreviewable) (emphasis added); *Rockefeller v. Catholic Medical Center of Brooklyn & Queens, Inc.,* 397 U.S. 820, 90 S.Ct. 1517, 25 L.Ed.2d 806 (1970) ("The judgment appealed from *does not include* an order granting or denying an interlocutory or permanent injunction and is therefore not appealable to this Court under 28 U.S.C. § 1253.") (emphasis added). The Supreme Court's language strongly implies that it would accept an appeal of some matter by itself normally unreviewable on direct appeal if that appeal is included in an appeal from an injunctive order.

[10]28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court.").

not issued its final judgment on the merits. But before this court could address the appeal which, when noticed, very likely was properly before us, the trial court ruled on the merits and an appeal was lodged thereon with the Supreme Court. With that lodging our appellate jurisdiction was impacted. Were we to rule otherwise our decision on the merits of the intervention order could cast a shadow or impinge upon the Supreme Court's functioning. As a lower federal court we have neither the authority nor inclination to do so.

We conclude that we lack appellate jurisdiction over the appeal of the denial of intervention to the appellants herein and, accordingly, their appeal is DISMISSED.