**STATE OF LOUISIANA, ex rel., William J. GUSTE, Jr., Attorney General, and William J. Guste, Jr., in his official capacity as Attorney General for the State of Louisiana, Plaintiffs–Appellants,**

v.

**Buddy ROEMER, Charles E. "Buddy" Roemer, III, Governor, et al., Defendants–Appellees.**

No. 90–3864.

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1991.

Paul R. Baier, Sp. Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen. of La., Kenneth G. Dejean, First Asst. Atty. Gen., Winston W. Riddick, Executive Asst. Atty. Gen., Thomas S. Halligan, Asst. Atty. Gen., Louisiana Dept. of Justice, Baton Rouge, La., for plaintiffs-appellants.

John N. Kennedy, Sp. Counsel to the Governor of Louisiana, Baton Rouge, La., Joseph J. Levin, Jr., John M. Freeman, Johanna F. Chanin, Colton & Boykin, Washington, D.C., for defendants-appellees.

Before REAVLEY, POLITZ and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Exercising the privilege granted by Rule XII of the Rules of the Supreme Court of

Louisiana, we certify to the Louisiana Supreme Court the sole question posed in this appeal, a question which we deem to be of such importance to the resolution of the merits of the underlying case, and thus to the people of Louisiana, that we are convinced it ought to be decided by the ultimate authority on the meaning of the Constitution and laws of the State of Louisiana, *i.e.*, its Supreme Court. Thus this certification which we respectfully request be granted.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA

TO THE HONORABLE, THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT OF LOUISIANA:

This case involves a question of Louisiana law for which we find no dispositive precedent by this Honorable Court. Deciding who is the appropriate legal representative of the State of Louisiana and its codefendant agencies will be determinative of the pending appeal and may significantly impact on the resolution of the related appeal on the merits of the federal litigation involving Louisiana's system of higher education. That appeal bears our docket number 90–3874 and is stayed pending a decision by the United States Supreme Court which may be relevant to its resolution.

## 1. *Style of the Case*

The style of the case is "State of Louisiana, Ex Rel., William J. Guste, Jr., Attorney General, and William J. Guste, Jr., in his official capacity as Attorney General for the State of Louisiana, versus Buddy Roemer, Charles E. "Buddy" Roemer, III, Governor, Et Al.," bearing number 90–3864 on the docket of this court, on appeal from the United States District Court for the Eastern District of Louisiana, bearing that court's docket designation of 80–3300.

## 2. *Statement of Facts*

The parties have agreed to the following joint statement of relevant facts:

1. On March 14, 1974, the United States (the "Government") instituted a lawsuit against the State of Louisiana (the "State") and its higher education boards alleging violations of Title VI of the Civil Rights Act of 1964 and the fourteenth amendment to the Constitution of the United States.

2. The State answered the Government's complaint through its Attorney General, William J. Guste, Jr., on May 10, 1974. The State denied liability, claiming that "Defendants have done nothing to perpetuate dualism in violation of Title VI of the Civil Rights Act of 1964 since enactment of said Act, and instead defendants have eliminated racial discrimination at all institutions under its supervision." Appellant's Record Ex. E. Louisiana claimed "complete compliance with Title VI of the Civil Rights Act of 1964" and complete good faith compliance with the letter and spirit of the fourteenth amendment by its "open door policy on admissions, on hiring their faculty and staff, and with regard to all other aspects of higher education." *Id.* The State's answer specifically identified the four-board higher education governing system as coming into existence with the new Louisiana Constitution of 1974, more than a decade after the end of *de jure* segregation, precluding the four-board system from being a "vestige" thereof. Appellant's Record Ex. E.

3. Louisiana's multiple-board governance structure for higher education is specifically established in Article VIII of the Louisiana Constitution of 1974. The multiple-board system was adopted by a vote of the people of Louisiana who expressly chose "Alternative A," a multi-board system, over "Alternative B," governance solely by a Board of Regents. RECORDS OF THE LOUISIANA CONSTITUTIONAL CONVENTION OF 1973: LOUISIANA CONSTITUTION OF 1974, Vol. III, pp. 28–29. *See also* Part IV of Article XIV of Louisiana Constitution (1974) reported in West's LSA–Constitution, Vol. 1, p. 1134 and Vol. 2, pp. 984–988.

4. Neither the Governor nor the Attorney General is a party to the higher edu-

cation discrimination suit and neither has sought to intervene as a party.

5. Attorney General Guste and his staff were original counsel for the State and represented it as sole counsel from the outset of the litigation on March 14, 1974, through the initial pleadings, discovery, and filing of the September 8, 1981 Consent Decree, to which the Attorney General, through an assistant, was the sole signatory on behalf of the State.

6. The parties entered into the Consent Decree without any admission of liability. The Consent Decree was approved by the United States District Court for the Eastern District of Louisiana. *See United States v. Louisiana,* 527 F.Supp. 509 (E.D.La.1981). The earlier history of this case can be gleaned from *United States v. Louisiana,* 543 F.2d 1125 (5th Cir.1976); *United States v. Louisiana,* 90 F.R.D. 358 (E.D.La.1981), *aff'd, United States v. Louisiana,* 669 F.2d 314 (5th Cir.1982).

7. During the implementation of the Consent Decree, from September 8, 1981, through its expiration on December 31, 1987, Attorney General Guste and his staff members were the exclusive attorneys for the State.

8. Upon expiration of the Consent Decree, the district court requested that the parties submit motions for summary judgment.

9. On March 9, 1988, John N. Kennedy wrote to United States District Judge Charles Schwartz regarding the higher education desegregation case, telling the district court: "I represent Governor–Elect Buddy Roemer, Governor–Elect of the State of Louisiana." R.Doc. 222 (Appellant's Record Ex. H). Kennedy, as "Legal Counsel to the Governor–Elect," requested that the district court add his name to the mailing list for this case. *Id.*

10. In response to the court's request that the parties submit motions for summary judgment, the Government filed a motion for summary judgment and memorandum in support of liability. R.Doc. 243. The Louisiana Board of Regents ("Regents") also filed a motion for summary

judgment and lengthy supporting memorandum contesting liability. R.Doc. 242.

11. On August 2, 1988, the district court granted the Government's motion for partial summary judgment on the issue of liability. *See United States v. Louisiana,* 692 F.Supp. 642 (E.D.La.1988) (R.Doc. 273).

12. In a Minute Entry dated October 7, 1988, the district court stated that, "[o]n or before Monday, November 14, 1988, each party shall submit in quadruplicate copies of any proposed remedial plans and memorandum of his, her or its position regarding the matters...." R.Doc. 286.

13. On December 2, 1988, the district court designated Paul R. Verkuil, former Dean of Tulane University Law School and current President of William & Mary college, as a Special Master to make recommendations to the court regarding remedy. R.Doc. 299.

14. On January 18, 1989, Assistant Attorney General Winston DeCuir filed a motion formally requesting the district court to admit John N. Kennedy, Joseph J. Levin, Jr., and Carla Calobrisi (Levin's then-associate) as additional counsel to represent the State. R.Doc. 319a (Appellant's R. Ex. I).

15. The Motion to Enroll designated Kennedy and Levin as trial attorneys, Calobrisi as additional counsel of record and DeCuir as resident attorney. *Id.* The district court thereafter designated Kennedy as attorney, DeCuir as local attorney and Levin and Calobrisi as additional counsel. *See id.* At this time, the litigation was in the remedial phase of this bi-furcated proceeding.

16. On March 6, 1989, the State, acting through Governor Roemer, filed a Memorandum in Support of Proposed Plan to Desegregate the System of Public Higher Education in the State of Louisiana Submitted by Governor Charles E. "Buddy" Roemer, III, R.Doc. 371, which requested that "[t]he Court should exercise its equitable powers to create a single governing board for the higher education system of Louisiana as part of any such decree." *Id.* at 26. The certificate of service of this Memorandum, signed by Levin, shows no

service on the Attorney General, who was co-counsel for the State. *Id.*

17. From Fall 1987 through the issuance of the final judgments in July 1989, Attorney General Guste and his staff remained as co-counsel in the case.

18. During the remedy phase of the case, substantial media attention was given to the creation of the single governing board being advocated by the State. *United States v. Louisiana,* 751 F.Supp. 608, 616 (E.D.La.1990) (R.Doc. 565 at 13).

19. On July 19, 1989, the district court adopted, with modifications, the Special Master's Final Report and Proposed Order. *See United States v. Louisiana,* 718 F.Supp. 499 (E.D.La.1989) (R.Doc. 490). This judgment stated, in part, that "[w]ithin 30 days of the entry of this Order, the four boards currently governing public higher education in Louisiana shall be disbanded and their powers consolidated into a single state governing board." *Id.* at 515.

20. On August 1, 1989, Southern University filed a motion for a new trial and/or to alter or amend judgment, seeking, among other things, to preserve its independent governing board. R.Doc. 496.

21. The district court, by a Minute Entry of August 1, 1989, among other things, questioned Southern University's "legal standing to request a rehearing or stay where the State has not done so." R.Doc. 494.

22. When ruling on Southern University's motion for a new trial and/or to alter or amend judgment, the district court stated that it was, "unnecessary to address any standing issues at this juncture." *United States v. Louisiana,* 718 F.Supp. 525, 528 (E.D.La.1989) (R.Doc. 511).

23. On August 2, 1989, the Attorney General filed a post-trial motion, entitled "Notice to Join in Motion of the Southern University Board of Supervisors for a New Trial and/or Motion to Alter or Amend Judgment." R.Doc. 499 (Appellees' R.Ex. 4).

24. On August 3, 1989, the Attorney General filed a Motion to Withdraw the "Notice to Join in Motion of the Southern University Board of Supervisors for a New Trial and/or Motion to Alter or Amend Judgment" and Motion to Enroll Counsel of Record. R.Doc. 508.

25. The Attorney General's Notice to Join, among other things, sought to appoint State Senator William J. Jefferson, counsel for Southern University in the litigation, as counsel for the State. R.Doc. 499 at 2 (Appellees' R.Ex. 4). The Motion to Withdraw withdrew the appointment of Senator Jefferson and renamed certain members of the Attorney General's staff as counsel for the State. R.Doc. 508 at 2, 4.

26. On August 3, 1989, the district court granted Attorney General Guste's Motion to Enroll Counsel of Record and ordered "that Messrs. Kenneth C. DeJean, First Assistant Attorney General, Winston Riddick, Executive Assistant Attorney General and David Sanders, Assistant Attorney General, are hereby enrolled as counsel of record." R.Doc. 508 at 5.

27. Southern University filed an Application for Stay in the United States Supreme Court on August 10, 1989.

28. On August 11, 1989, the Attorney General filed in the district court a Motion entitled Attorney General's Motion to Designate Counsel for the State and Withdraw Designation of Additional Counsel. R.Doc. 517a (Appellees' R.Ex. 6).

29. On August 11, 1989, Attorney General Guste wrote to Kennedy, Levin, and Calobrisi, purporting to dismiss them as attorneys for the State. Appellant's R.Ex. J, K. Attorney General Guste stated in his letter that "We have reached a point in the case where it is important that we do not have confusion with regard to the representation of the State of Louisiana." Appellant's R.Ex. J at 1. Attorney General Guste also stated in his letter that, "the Attorney General and only the Attorney General will file pleadings on behalf of the State of Louisiana as its official legal spokesman." *Id.* at 2. Further, the Attorney General state in his letter that, "as I see my duty, it is to support the Constitution of the State and to defend the State

against liability in this case until that Constitution has been changed by a judgment of the U.S. Supreme Court or by a vote of the people." *Id.*

30. On August 11, 1989, the Attorney General filed a Motion for Stay Addressed to Individual Justice in the United States Supreme Court and simultaneously filed a Notice of Appeal in the United States Supreme Court from the final decree of the three-judge district court. Notice of Appeal, *State of Louisiana ex rel. William J. Guste, Attorney General of Louisiana* (dated Sept. 18, 1989). A separate Notice of Appeal to the Supreme Court was filed jointly by the State, as represented by Governor Roemer, Regents, Trustees, and LSU. Notice of Appeal, *State of Louisiana ex rel. Charles E. "Buddy" Roemer, III, et al.* (dated Sept. 29, 1989).

31. On August 14, 1989, a Notice of Appeal was filed in the United States Supreme Court by Southern University. Notice of Appeal, *Southern University Board of Supervisors* (dated Aug. 14, 1989).

32. "Protective" Notices of Appeal and cross-appeal were filed by all parties in the United States Court of Appeals for the Fifth Circuit by the Government; by the Attorney General, on behalf of the State; jointly by the Governor, on behalf of the State, Regents, Trustees, and LSU; and by Southern University. *See* R.Doc. 521, 522, 524, 525.

33. On August 14, 1989, the State, acting through Governor Roemer, filed its Opposition to Application for Stay filed by Southern University and Motion for Stay filed by Louisiana Attorney General. Appellant's R.Ex. L.

34. On August 18, 1989, the United States Supreme Court issued a stay pending the docketing of appeals and disposition of the cases by the Court. *Southern University Board of Supervisors v. United States,* 492 U.S. 934, 110 S.Ct. 17, 106 L.Ed.2d 631 (1989); *State of Louisiana, ex rel. William J. Guste, Jr., Attorney General of Louisiana v. United States,* 492 U.S. 934, 110 S.Ct. 18, 106 L.Ed.2d 631 (1989).

35. Subsequently, a Jurisdictional Statement was filed by the Attorney General on behalf of the State. *See* Jurisdictional Statement, *State of Louisiana ex rel. William J. Guste, Jr. v. United States,* No. 89–556 (dated Oct. 5, 1989). Separate Jurisdictional Statements were filed jointly by the Governor, on behalf of the State, Regents, Trustees, and LSU; and by Southern University. *See* Jurisdictional Statement, *State of Louisiana ex rel. Charles E. "Buddy" Roemer, III v. United States,* No. 89–771 (U.S. dated Nov. 15, 1989); Jurisdictional Statement, *Board of Supervisors of Southern University and Agricultural and Mechanical College v. United States,* No. 89–557 (U.S. dated Oct. 5, 1989).

36. The State, acting through Governor Roemer, moved to dismiss the Jurisdictional Statement filed on behalf of the State by the Attorney General.

37. On January 8, 1990, the Supreme Court entered orders, without opinion, that the direct appeals to it from *United States v. Louisiana,* Civil Action No. 80–3300, "are dismissed for want of jurisdiction." *Louisiana ex rel. William J. Guste, Attorney General of Louisiana v. United States,* 493 U.S. 1013, 110 S.Ct. 708, 107 L.Ed.2d 729 (1990); *Board of Supervisors of Southern University and Agricultural and Mechanical College v. United States,* 493 U.S. 1013, 110 S.Ct. 708, 107 L.Ed.2d 729 (1990).

38. At the suggestion of the district court during the status conference of April 30, 1990, on May 4, 1990, and May 10, 1990, respectively, the State, acting through Governor Roemer, and the Government, filed Motions for Remand in the United States Court of Appeals for the Fifth Circuit, requesting that the action be remanded to the district court for the entry of two further orders: (1) amending the remedial orders to update the time frame for implementation of the remedy; and (2) determining who represents the State in the proceeding, the Governor or the Attorney General. *See* State of Louisiana Motion to Remand, *United States v. Louisiana,* No. 89–3637 (dated May 4, 1990); Motion of United

States for Remand of Case to the District Court, *United States v. Louisiana,* No. 89–3637 (dated May 10, 1990).

39. On August 29, 1990, the Fifth Circuit remanded the consolidated appeals to the district court for consideration of those issues identified in the State's and Government's motions to remand. *See* Order, *United States v. Louisiana,* No. 89–3637 (dated Aug. 29, 1990) (R.Doc. 540) (Appellees' R.Ex. 1).

40. By Minute Entry of September 21, 1990, the district court ordered the Attorney General and the Governor to submit memoranda on or before October 9, 1990, briefing the issue on who represents the State in the instant proceeding. R.Doc. 541 (Appellees' R.Ex. 2).

41. On September 28, 1990, the United States Court of Appeals for the Fifth Circuit, sitting *en banc,* entered its ruling in *Ayers v. Allain,* 914 F.2d 676, *cert. granted sub. nom. Ayers v. Mabus,* —— U.S. ——, 111 S.Ct. 1579, 113 L.Ed.2d 644 (1991) (consolidated with *United States v. Mabus,* —— U.S. ——, 111 S.Ct. 1579, 113 L.Ed.2d 644 (1991)).

42. On October 1, 1990, the State, acting through the Attorney General, filed a motion for relief from judgment and orders. R.Doc. 542.

43. On October 9, 1990, the Attorney General filed a new action in the Louisiana Civil District Court for the Parish of Orleans, entitled *State of Louisiana, ex rel., William J. Guste, Jr. v. Charles E. "Buddy" Roemer, III, Governor, John N. Kennedy, Joseph J. Levin, Jr. and Carla Calobrisi.* Appellant's R.Ex. M.

44. On October 26, 1990, the State, acting through Governor Roemer, together with Regents, LSU, and Trustees, filed a motion for reconsideration of the court's determination of liability. R.Doc. 559. This motion was based upon the Regents' Motion for Summary Judgment filed on May 13, 1988 (R.Doc. 242) and the intervening decision in *Ayers v. Allain.*

45. On October 30, 1990, the district court entered its final judgment designating John N. Kennedy and Joseph J. Levin, Jr. as "sole trial counsel representing the State of Louisiana in Civil Action No. 80–3300." R.Doc. 566.

46. On that same day, in light of the intervening Fifth Circuit decision in *Ayers v. Allain,* the district court denied the United States' Motion for Summary Judgment and granted summary judgment in favor of all defendants. R.Doc. 569.

47. The Government's appeal of that judgment, the appeal of Southern University and various cross appeals are presently pending before the Fifth Circuit in consolidated case number 90–3874, consideration of which has been stayed pending a resolution by the United States Supreme Court of *Ayers v. Mabus,* —— U.S. ——, 111 S.Ct. 1579, 113 L.Ed.2d 644 (*cert. granted,* 1991) (consolidated with *United States v. Mabus,* —— U.S. ——, 111 S.Ct. 1579, 113 L.Ed.2d 644 (*cert. granted,* 1991)).

### 3. Question Certified

Where the Governor and Attorney General of the State of Louisiana both purport to represent the State of Louisiana and its codefendant agencies in federal litigation involving the system of higher education in the State of Louisiana, under the constitution and laws of the State of Louisiana, which official is the appropriate legal representative of the State and its agencies?

### 4. Counsel for the Parties

The names, addresses, and telephone numbers of the Attorneys for the parties on this appeal are:

WILLIAM J. GUSTE, JR.
Attorney General of Louisiana
LSBA Bar Roll No. 2248
KENNETH G. DEJEAN
First Assistant Attorney General
WINSTON W. RIDDICK
Executive Assistant Attorney General
THOMAS S. HALLIGAN
Assistant Attorney General
PAUL R. BAIER
Special Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE

Post Office Box 94005
Capitol Station
Baton Rouge, LA 70804–9005
(504) 342–7013
ATTORNEYS FOR PLAINTIFFS–AP-
PELLANTS
JOHN N. KENNEDY
Special Counsel to the Governor of Loui-
siana
P.O. Box 94004
Baton Rouge, LA 70804
(504) 342–7015
JOSEPH J. LEVIN, JR.
JOHN M. FREEMAN
JOHANNA F. CHANIN
COLTON & BOYKIN
1025 Thomas Jefferson Street., N.W.
Suite 500 East
Washington, DC 20007
(202) 342–5400
ATTORNEYS FOR DEFENDANT–AP-
PELLEE

In our articulation of the inquiry we in-
tend no limitation on the Louisiana Su-
preme Court's consideration of the legal
issue presented.

The entire record of this appeal, together
with the briefs of the parties are transmit-
ted herewith.

CERTIFIED.