UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50154
_____


RUBEN ESPRONCEDA, doing business as Save Our Services,

Plaintiff-Appellant

v.

CYNDI TAYLOR KRIER, Judge, Individually and as County Judge, Bexar
County; ELTON BOMER, in his official capacity as Texas Secretary of
State; HOWARD PEAK, in his official capacity as Mayor, City of San
Antonio; NORMA RODRIGUEZ, in her official capacity of Clerk, City
of San Antonio; HEARST CORPORATION, individually, by and through
San Antonio Express News,

Defendants-Appellees

_____

Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
SA-00-CV-1259
_____
February 6, 2003

Before JONES, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

        Appellant Ruben Espronceda ("Espronceda") appeals the

dismissal of his claim against appellee Hearst Corporation

("Hearst") under Rule 12(b)(6) and the grant of summary judgment in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favor of Cyndi Taylor Krier, Elton Bomer, Howard Peak, and Norma Rodriguez ("government appellees") on his claims under the Sections 2 and 5 of the Voting Rights Act, the Equal Protection Clause of the Fourteenth Amendment, and Texas state election laws. The order of dismissal, grant of summary judgment, and the subsequent final judgment were entered by a three-judge district court created pursuant to the provisions of 42 U.S.C. § 1973c (2000) (section 5 of the Voting Rights Act) and 28 U.S.C. § 2284 (2000).

Appeals from three-judge district courts created pursuant to section 5 must be brought in the Supreme Court of the United States. 28 U.S.C. § 1973c (2000). As such, this court does not have appellate jurisdiction over Espronceda's section 5 claim. 28 U.S.C. § 1291 (2000) ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court.")

Further, it is not clear whether the three-judge district court had jurisdiction over the non-Section 5 claims upon which it entered judgment. Whether or not the three-judge district court had jurisdiction over them, however, only the Supreme Court has jurisdiction to consider a direct appeal on those claims at this juncture.[1]

---

[1] However, this court has previously observed that the Supreme Court has "strongly implie[d] that it would accept an appeal of

2

For these reasons, we DISMISS this appeal for lack of jurisdiction and we REMAND the case to the three-judge district court for entry of a new judgment so that Espronceda may timely file an appeal to the Supreme Court.

APPEAL **DISMISSED** and CASE **REMANDED**.

---

some matter by itself normally unreviewable on direct appeal if that appeal is included in an appeal from an injunctive order [over which it had jurisdiction]." Hays v. Louisiana, 18 F.3d 1319, 1321 n.9 (5th Cir. 1994).